253 P.3d 95 (2011)
160 Wash.App. 18
STATE of Washington, Respondent,
v.
Donald H. COCHRANE, Appellant.
No. 64126-3-I.
Court of Appeals of Washington, Division 1.
January 10, 2011.
Publication Ordered February 7, 2011.
*97 Gregory C. Link, Washington Appellate Project, Seattle, WA, for Appellant.
Ann M. Summers, King County Prosecutor's Office, Seattle, WA, for Respondent.

OPINION
SCHINDLER, J.
¶ 1 Under RCW 46.61.502(6), driving under the influence (DUI) is elevated from a gross misdemeanor to a felony if the defendant has "four or more prior offenses within ten years as defined in RCW 46.61.5055." In State v. Chambers, 157 Wash.App. 465, 237 P.3d 352 (2010), we held that while the fact that a person has four prior DUI offenses is an essential element of the crime of felony DUI under RCW 46.61.502(6), the question of whether a prior offense meets the statutory definition under RCW 46.61.5055 is a threshold question of law to be decided by the court.
¶ 2 Donald Cochrane seeks reversal of his felony DUI conviction arguing the information was constitutionally inadequate, two of the prior DUI convictions do not meet the statutory definition, and insufficient evidence supports the conviction for felony DUI. The State concedes that because the information did not allege the essential statutory element that Cochrane has four prior DUI offenses "within ten years," Cochrane is entitled to dismissal, but argues the remedy is dismissal without prejudice. The State also asserts that by failing to object below, Cochrane waived his right to challenge the validity of the two prior convictions and sufficient evidence supports the felony DUI conviction. We accept the State's concession, and hold that under State v. Vangerpen, 125 Wash.2d 782, 888 P.2d 1177 (1995), Cochrane is entitled to dismissal without prejudice to the right of the State to recharge and retry him. We also conclude Cochrane waived his right to challenge two of his prior DUI convictions for the first time on appeal, but in any event, the record supports his conviction for felony DUI.

FACTS
¶ 3 On January 9, 2009, a Seattle police officer observed a driver nearly hit a parked car and swerve over the center line three different times. When the officer attempted to pull the car over, the driver sped away at a high rate of speed. The driver, Donald Cochrane, was eventually stopped and arrested for DUI. The blood test showed Cochrane had a blood/alcohol concentration of 0.25, well in excess of the 0.08 limit.
¶ 4 The State charged Cochrane with felony DUI, count I, and failure to obey a police officer, count II. As to the charge of felony DUI, the State alleged:
That the defendant DONALD HARER COCHRANE in King County, Washington, on or about January 9, 2009, drove a vehicle within this state and while driving had an amount of alcohol in his body sufficient to cause a measurement of his blood to register 0.08 percent or more by weight of alcohol within two hours after driving, as shown by analysis of the person's blood; while under the influence of or affected by intoxicating liquor or any drug; while under the combined influence of or affected by intoxicating liquor and any drug; having at least four prior offenses, as defined under RCW 46.61.5055(13)(a);
Contrary to RCW 46.61.502 and 46.61.5055, and against the peace and dignity of the State of Washington.
¶ 5 Cochrane waived his right to a jury trial. The State presented the testimony of the arresting officers, the police in-car video, and expert testimony regarding the toxicology analysis. The State also introduced certified copies of court dockets to prove that Cochrane had four prior DUI convictions within ten years: (1) a February 21, 2001 conviction in King County District Court for a May 30, 1999 DUI, listing RCW 46.61.502 as the basis for the conviction, (2) a February 20, 2001 conviction in Seattle Municipal Court for "physical control while intoxicated" on November 24, 1999, listing Seattle Municipal Code (SMC) 11.56.020(B) as the basis for the conviction, (3) a July 12, 2000 conviction in Everett Municipal Court for a DUI arrest on June 15, 2000, listing RCW 46.61.502 as the basis for the conviction, and (4) an April 13, 2006 conviction in Seattle Municipal *98 Court for a DUI arrest on May 11, 2002, listing SMC 11.56.020 as the basis for the conviction. In addition, the State introduced a "Stipulation on Prior Record and Offender Score" that Cochrane entered into as part of a plea agreement in April 2008. In the stipulation, Cochrane agrees his prior criminal history is correct and that he is "the person named in the convictions." The stipulation lists a number of prior convictions including the four prior DUI convictions introduced into evidence at trial.
¶ 6 The defense objected to admission of the court dockets for the four prior DUI convictions on hearsay grounds and in violation of his right to confrontation under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The court overruled the objections, and admitted the certified copies of the court dockets as business records and as self-authenticating documents. The court also notes:
The dockets are simply evidence of a conviction, as a judgment and sentence is evidence of a conviction, and that's all purposes the court is taking it for is proof that, in fact, the defendant has prior convictions for qualifying offenses.
¶ 7 During closing argument, defense counsel argued for the first time that the information did not contain the essential statutory elements for felony DUI, and the charges should be dismissed. Defense counsel asserted that the information did not include the mandatory statutory language of "within ten years," and did not specify the dates for the four prior DUI convictions. Defense counsel also argued that the information cited the wrong section of the statute defining a prior offense.[1]
¶ 8 The court denied Cochrane's motion to dismiss the charges. The court ruled that whether the four prior convictions occurred "within ten years" and the dates of the prior convictions are not essential elements of the crime of felony DUI that the State must allege in the information. The court also ruled that the incorrect citation to the statute defining a prior offense was a scrivener's error and did not prejudice Cochrane.
¶ 9 Because Cochrane "had been convicted of four prior DUI or Physical Control crimes within ten years," the court found Cochrane guilty of felony DUI.[2] Cochrane appeals his felony DUI conviction.[3]

ANALYSIS
¶ 10 Cochrane argues he is entitled to dismissal of the felony DUI conviction because the information did not allege that the four prior DUI convictions occurred "within ten years," and the information did not specifically identify the four prior convictions.
¶ 11 The State concedes that alleging the four prior DUI convictions occurred within ten years is an essential statutory element that the State must allege and prove beyond a reasonable doubt. But the State argues that specifically identifying the four prior DUI convictions is not an essential element of the crime that it must allege in the information.
¶ 12 The accused in a criminal case must be informed of the nature and cause of the accusation against him, and cannot be tried for an offense for which he has not been charged. U.S. CONST. amend. VI; WASH. CONST. art. I § 22; Vangerpen, 125 Wash.2d at 787, 888 P.2d 1177. A charging document is constitutionally adequate only if all the essential elements of a crime are included in the charging document. Vangerpen, 125 Wash.2d at 787, 888 P.2d 1177.
¶ 13 Because Cochrane argued the information was constitutionally inadequate before the verdict, we must strictly construe the language in the information. State v. Johnson, 119 Wash.2d 143, 149-50, 829 P.2d 1078 (1992).
¶ 14 The State concedes that the information omitted an essential element of the *99 crime as defined by the legislature in RCW 46.61.502(6) by failing to allege that the four prior DUI offenses occurred "within ten years." We accept the State's concession.
¶ 15 Under RCW 46.61.502(6), a gross misdemeanor DUI is elevated to a felony if the defendant has four prior DUI convictions within ten years. RCW 46.61.502(6) provides, in pertinent part:
It is a class C felony punishable under chapter 9.94A RCW, or chapter 13.40 RCW if the person is a juvenile, if: (a) The person has four or more prior offenses within ten years as defined in RCW 46.61.5055.
¶ 16 Former RCW 46.61.5055(14)(c)[4] addresses the meaning of "within ten years" under RCW 46.61.502. Former RCW 46.61.5055(14)(c) states, "[T]he arrest for a prior offense occurred within ten years of the arrest for the current offense."
¶ 17 RCW 46.61.5055(14) also defines "prior offense" for purposes of a prior DUI offense under RCW 46.61.502(6). RCW 46.61.5055(14)(a) lists the statutory violations that meet the definition of prior offense. RCW 46.61.5055(14)(a) provides, in pertinent part:
For purposes of this section and RCW 46.61.502 [DUI] and 46.61.504 [physical control of vehicle under the influence]:
(a) A "prior offense" means any of the following:
(i) A conviction for a violation of RCW 46.61.502 or an equivalent local ordinance;
(ii) A conviction for a violation of RCW 46.61.504 or an equivalent local ordinance.
¶ 18 Cochrane contends that the specifics of the four prior convictions are also an essential element that the State must allege in the information. We disagree.
¶ 19 The legislature defines the elements of a crime. State v. Williams, 162 Wash.2d 177, 183, 170 P.3d 30 (2007). The statutory definition of felony DUI does not require the State to allege the specific details of the prior DUI offenses as an essential element of the crime. State v. Roswell, 165 Wash.2d 186, 192, 196 P.3d 705 (2008). While the existence of the four prior DUI offenses as defined by the statute is an essential element of the crime that must be proved beyond a reasonable doubt, providing the specific details of each of these offenses is not an essential statutory element that must be alleged in the information. RCW 46.61.502(6); Chambers, 157 Wash.App. at 477, 237 P.3d 352.[5]
¶ 20 Cochrane asserts that because the information omitted the essential element of "within ten years," the remedy is to reverse and direct the trial court to enter judgment for a misdemeanor DUI. The State contends the remedy is dismissal without prejudice. Vangerpen controls the question of whether dismissal of the felony DUI charges against Cochrane is with or without prejudice.
¶ 21 In Vangerpen, the State charged the defendant with attempted murder in the first degree, but inadvertently omitted the statutory element of premeditation. Vangerpen, 125 Wash.2d at 784-85, 888 P.2d 1177. After the State rested, the defense made a motion to dismiss for lack of evidence of premeditation. The trial court denied the motion, finding there was sufficient evidence of premeditation. Vangerpen, 125 Wash.2d at 785, 888 P.2d 1177. The defense then moved to dismiss because the information did not allege premeditation. The trial court denied the motion and allowed the State to amend. The jury found the defendant guilty of attempted murder in the first degree. Vangerpen, 125 Wash.2d at 785-86, 888 P.2d 1177.
¶ 22 The Washington Supreme Court reversed the conviction because the charging document was constitutionally inadequate. *100 The court held that "[w]hen a conviction is reversed due to an insufficient charging document, the result is a dismissal of charges without prejudice to the right of the State to recharge and retry" the defendant. Vangerpen, 125 Wash.2d at 791, 888 P.2d 1177. "[T]he remedy for an insufficient [information] is reversal and dismissal of charges without prejudice to the State's ability to refile charges." Vangerpen, 125 Wash.2d at 792-93, 888 P.2d 1177; see State v. Nonog, 169 Wash.2d, 220, 226 n. 3, 237 P.3d 250 (2010); State v. Quismundo, 164 Wash.2d 499, 503-04, 192 P.3d 342 (2008).[6] Here, as in Vangerpen, we conclude that the remedy is dismissal without prejudice to the right of the State to recharge and retry Cochrane.
¶ 23 Cochrane also argues that insufficient evidence supports his conviction of felony DUI because the State did not prove beyond a reasonable doubt that the four prior DUI convictions meet the definition under RCW 46.61.5055(14)(a). Cochrane concedes that two of his prior DUI convictions meet the definition under RCW 46.61.5055(14)(a). For the first time on appeal, Cochrane argues that the State did not prove that the two other prior Seattle Municipal Court DUI convictions meet the definition under RCW 46.61.5055(14)(a).
¶ 24 In Chambers, we held that the question of whether a prior conviction qualifies as a predicate offense is a threshold question of law for the court, and not an essential element of the crime of felony DUI. Chambers, 157 Wash.App. at 479, 237 P.3d 352. Accordingly, whether a violation of a local ordinance is comparable or equivalent to a DUI offense under RCW Chapter 46.61 is a threshold question of law, and not an essential element that the State must prove at trial. Chambers, 157 Wash.App. at 479, 237 P.3d 352.[7]
¶ 25 Below, Cochrane did not claim that the two prior Seattle Municipal Court convictions do not meet the statutory definition of a prior offense. Cochrane objected to admissibility of the certified copies of the dockets for the prior DUI convictions on hearsay and confrontation grounds. And when the trial court clarified that the dockets were being admitted for proof of whether "the defendant has prior convictions for qualifying offenses," Cochrane did not object or argue that the two Seattle Municipal Court convictions do not meet the statutory definition. We conclude Cochrane waived his right to object to the admissibility of the dockets establishing those convictions for the first time on appeal. See State v. Gray, 134 Wash.App. 547, 557-58, 138 P.3d 1123 (2006) (holding that the defendant waived his objection to the admissibility of the Seattle Municipal Court judgment and sentence by failing to timely object on specific grounds). Nonetheless, the record supports the conclusion that the two prior Seattle Municipal Court DUI convictions qualify under RCW 46.61.5055(14)(a) as "an equivalent local ordinance."
¶ 26 The court docket for the February 20, 2001 conviction in Seattle Municipal Court for physical control while intoxicated, lists SMC 11.56.020(B) as the statutory basis for the conviction. The language of SMC 11.56.020(B) ("Physical Control") is virtually identical to RCW 46.61.504, the physical control statute. The court docket for the April 13, 2006 conviction in Seattle Municipal Court lists SMC 11.56.020 as the statutory basis for the conviction of "driving while intoxicated." The language of SMC 11.56.020(A) ("Driving While Intoxicated") is also virtually identical to the language of the DUI statute, RCW 46.61.502.
¶ 27 The trial court found that the State proved beyond a reasonable doubt the existence of the four prior DUI convictions within ten years. The court expressly found *101 that "[o]n the date of this crime, the defendant had been convicted of four prior DUI or Physical Control crimes within ten years." The court dockets establish the date of arrest, the date of conviction, and the statutory basis for the conviction. The dockets also support the conclusion that all four prior DUI offenses occurred within ten years of his arrest for the current offense for felony DUI. Former RCW 46.61.5055(14)(c).[8] The record supports Cochrane's conviction for felony DUI.
¶ 28 We reverse Cochrane's conviction for felony DUI, but without prejudice to the State's right to recharge and retry him for felony DUI.
WE CONCUR: LAU and BECKER, JJ.
NOTES
[1] As amended, prior subsection 13 defining "prior offense" is renumbered as subsection 14. Laws of 2008, ch. 282, § 14.
[2] The court imposed a concurrent standard range sentence of 60 months.
[3] The court also found Cochrane guilty of failing to obey a police officer. Cochrane did not appeal that conviction.
[4] The legislature amended this subsection effective January 1, 2011. LAWS OF 2010, ch. 269, § 4.
[5] Cochrane also argues that the information was constitutionally inadequate because it cited the wrong section of the statute to define what prior offenses qualify. Error in a numerical statutory citation is not reversible unless it prejudiced the accused. Vangerpen, 125 Wash.2d at 787-88, 790, 888 P.2d 1177 ("Convictions based on charging documents which contain only technical defects . . . usually need not be reversed."). Further, Cochrane does not claim prejudice from the incorrect citation.
[6] Cochrane cites to State v. Sanders, 65 Wash. App. 28, 827 P.2d 354 (1992). But the Washington Supreme Court in Vangerpen specifically rejected the applicability of Sanders in determining that the proper remedy for a deficient information is reversal and remand to enter a verdict for the lesser charge. Vangerpen, 125 Wash.2d at 792, 888 P.2d 1177.
[7] While Cochrane's stipulation to his criminal history establishes the existence of the four prior convictions, it does not establish that those convictions meet the definition of RCW 46.61.5055(14)(a).
[8] While the stipulation admitted into evidence establishes the existence of the four prior DUI offenses, the trial court found the court dockets establish that Cochrane's four prior DUI convictions met the statutory definition, "the defendant has prior convictions for qualifying offenses."