IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35214-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| BRIAN CLIFFORD ALLEN, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — A charge of driving under the influence (DUI) can be elevated

from a misdemeanor to a felony based on a defendant's prior conviction for vehicular

assault. But not all vehicular assault convictions are eligible for the enhancement.

Vehicular assault is an alternative means crime and only one of the three possible means

(vehicular assault while under the influence of intoxicating liquor or drugs) qualifies for

the enhancement.

This case asks what procedure applies to deciding the eligibility of a vehicular assault conviction for a DUI enhancement. Because determining the nature of a prior conviction is a legal matter, not a factual one, we hold that this is a judicial decision, not a jury question. The applicable inquiry involves reviewing court records related to the prior conviction and assessing which of the alternative means to vehicular assault formed the basis of the conviction. Where, as here, court records show a guilty plea to all three alternative means of vehicular assault, the conviction qualifies. The felony enhancement may therefore be imposed.

## FACTS

In 2016, Brian Allen was charged with DUI. The State alleged Mr. Allen's offense was a felony, based on a prior conviction for vehicular assault while under the influence. Mr. Allen's DUI trial was bifurcated at his request. First, the jury was tasked with deciding whether Mr. Allen had committed DUI. It determined he had. Second, the jury was asked whether Mr. Allen had a qualifying predicate vehicular assault conviction. To satisfy its burden on this issue, the State introduced not only court records from Mr. Allen's prior case but also witness testimony from a law enforcement officer as to what Mr. Allen actually did and said at the time of his prior offense. The jury ultimately

decided Mr. Allen had a prior conviction for vehicular assault while under the influence of alcohol.

Mr. Allen appeals the jury's assessment of his prior conviction.

## ANALYSIS

Under Washington law, a misdemeanor DUI crime can be elevated to a felony in certain enumerated circumstances.[1] One such circumstance is when the defendant has previously "been convicted of . . . [v]ehicular assault while under the influence of intoxicating liquor or any drug, RCW 46.61.522(1)(b)." RCW 46.61.502(6)(b)(ii).

Washington law defines "vehicular assault" as follows:

A person is guilty of vehicular assault if he or she operates or drives any vehicle:
        (a) In a reckless manner and causes substantial bodily harm to another; or
        (b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and causes substantial bodily harm to another; or
        (c) With disregard for the safety of others and causes substantial bodily harm to another.

RCW 46.61.522(1).

---

[1] Unless an aggravator applies, DUI is a gross misdemeanor, punishable by up to 364 days' imprisonment and/or a fine of not more than $5,000. RCW 46.61.502(5); RCW 9A.20.021(2). If a statutory aggravator applies, DUI is elevated to a class B felony, punishable by up to 10 years' imprisonment and/or a fine of not more than $20,000. RCW 46.61.502(6); RCW 9A.20.021(1)(b).

In 2005, Mr. Allen was convicted of vehicular assault in violation of RCW 46.61.522. The State relied on this prior offense to elevate Mr. Allen's 2016 DUI to a felony under RCW 46.61.502(6)(b)(ii). On appeal, Mr. Allen argues the State produced insufficient evidence to elevate his offense because properly admissible evidence only established a generic conviction for vehicular assault under RCW 46.61.522(1). According to Mr. Allen, the State failed to present sufficient evidence that he was convicted pursuant to RCW 46.61.522(1)(b) of vehicular assault while under the influence.

Whether a prior vehicular assault conviction qualifies to elevate a DUI charge from a misdemeanor to a felony involves issues of fact and law. Factually, the State must prove the conviction exists and pertains to the defendant. But once this burden is satisfied, the rest of the inquiry is purely legal. The nature of a prior conviction, and the facts established thereby, are set at the time of a verdict or guilty plea. *Descamps v. United States*, 570 U.S. 254, 269-70, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005). They cannot be altered or revisited at a subsequent evidentiary hearing or trial.

Our inquiry would be different had the penalty statute at issue in this case not been limited in application to a prior "conviction." For example, RCW 46.61.502(6)(a)

4

currently permits elevating a DUI from a misdemeanor to a felony based on three or more

"prior offenses." The term "prior offense" is broader than a conviction. RCW

46.61.5055(14)(a). It includes (among other things) convictions accompanied by

additional aggravating facts. *Id.* Additional aggravating facts are matters that can be the

subject of a new fact finding proceeding. *State v. Mullen*, 186 Wn. App. 321, 334, 345

P.3d 26 (2015) (citing *State v. Roswell*, 165 Wn.2d 186, 194, 196 P.3d 705 (2008). But

when it comes to the core issue of what was established by a prior conviction, no

additional factual inquiry applies.

Because the nature of a prior conviction is a legal matter, it is something for the

court to decide, not a jury. *See State v. Miller*, 156 Wn.2d 23, 31, 123 P.3d 827 (2005).

We therefore owe no deference to the jury's determination that Mr. Allen's prior

conviction qualified for an enhancement. Instead, we review the matter de novo. *State v.

Elmore*, 155 Wn.2d 758, 768, 123 P.3d 72 (2005) (legal questions reviewed de novo).[2]

The judicial inquiry into the legal nature of a prior conviction permits examination

of only a limited range of materials. A certified copy of a prior judgment can establish

---

[2] Because the question of whether Mr. Allen's prior conviction qualified for a DUI felony enhancement is not a factual matter reserved for jury determination, we need not address the evidentiary challenges Mr. Allen has raised regarding the State's proof at trial.

the existence of a prior conviction. *State v. Olsen*, 180 Wn.2d 468, 473, 325 P.3d 187

(2014). But when it comes to the question of what facts were established by a prior

conviction, we may assess "only facts that were admitted, stipulated to, or proved beyond

a reasonable doubt" during the prior proceeding. *Id*. at 473-74.

The scope of the inquiry is further limited to those facts necessary to prove the

elements of the crime of conviction. *Descamps*, 570 U.S. at 269-70. This restriction is

particularly important in the context of a guilty plea. During a guilty plea proceeding, a

defendant may make a variety of admissions. However, only admissions truly necessary

to prove the elements of the offense can be considered as part of the nature of the

conviction. Superfluous admissions are not. *Id*.[3]

Having identified the principles relevant to discerning the nature of a prior

conviction, we turn to Mr. Allen's case. Vehicular assault is an alternative means crime

that can be proved in three distinct ways. RCW 46.61.522(1)(a)-(c); *State v.

Roggenkamp*, 153 Wn.2d 614, 626, 106 P.3d 196 (2005). Only one of the three

alternatives qualifies for the felony sentencing enhancement charged in Mr. Allen's case:

---

[3] Because determining the nature of a prior conviction implicates the United States
Constitution, our analysis of whether a prior offense qualifies for a sentencing
enhancement must comport with analogous precedents from the United States Supreme
Court, such as *Descamps*. *Olsen*, 180 Wn.2d at 474.

vehicular assault arising from driving under the influence, RCW 46.61.522(1)(b). Thus, in order for Mr. Allen's 2005 vehicular assault conviction to qualify for the felony enhancement as charged, the record pertaining to that conviction must show that Mr. Allen was convicted of vehicular assault by way of the specific means of driving under the influence.

In support of its claim that Mr. Allen's prior conviction qualified for a felony enhancement, the State produced the information, the statement of defendant on plea of guilty, the judgment and sentence, and testimony of the police officer who arrested Mr. Allen in 2004. Of this evidence, the first three categories were fully appropriate. A charging document, guilty plea statement, and judgment of conviction can all elucidate the terms of a prior conviction. *Descamps*, 570 U.S. at 261-62; *Shepard v. United States*, 544 U.S. 13, 20-21, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). But a witness statement is different. Testimony about what a defendant did or did not do at the time of the offense conduct has no relevance to what was admitted or proved during a trial or guilty plea proceeding. *Descamps*, 570 U.S. at 261. Accordingly, the State's proof should not have included law enforcement testimony.

Although some of the State's evidence was inappropriate, the record as a whole sufficiently established Mr. Allen's guilty plea included an admission to all three

alternative means of vehicular assault. Both the 2004 information and Mr. Allen's 2005

statement on plea of guilty included all three alternative means of vehicular assault.

Rather than being listed as disjunctive elements, the three means were listed in the

conjunctive. For example, Mr. Allen's guilty plea statement listed the elements of his

offense as follows: "Operating a motor vehicle while under the influence of or affected

by intoxicating liquor and/or any drug, and in a reckless manner, and with disregard for

the safety of others, did cause substantial bodily harm to another." Ex. 15 at 1. The

judgment and sentence confirmed Mr. Allen was convicted of vehicular assault in

violation of RCW 46.61.522(1) "as charged in the information." Ex. 13 at 1-2. None of

the three means that formed the basis of the original charge and guilty plea statement

were eliminated from the final judgment.

Mr. Allen's admission to all three alternative means of vehicular assault was not

superfluous. Because Mr. Allen was charged with committing all three alternative means

of vehicular assault, he did not have "a right to plead guilty to just one alternative means."

*State v. Bowerman*, 115 Wn.2d 794, 799, 802 P.2d 116 (1990). Mr. Allen's guilty plea

necessarily encompassed all three charged means of vehicular assault, including the

means necessary for a later DUI enhancement.

No. 35214-5-III
*State v. Allen*

## CONCLUSION

The records pertaining to Mr. Allen's 2005 conviction establish Mr. Allen was convicted of all three means of vehicular assault, including vehicular assault while under the influence of drugs or alcohol. As a result, the conviction qualified for a DUI felony enhancement. Mr. Allen's judgment of conviction is therefore affirmed.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, C.J.                Korsmo, J.

9