FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 DEC 17 AM 9:41

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON, )    No. 77045-4-I
)
            Respondent, )
)
            v. )    DIVISION ONE
)
KEN V. WU, )
)    PUBLISHED OPINION
)
            Appellant. )    FILED: December 17, 2018
)

MANN, J. — Under former RCW 46.61.502(6)(a), driving under the influence (DUI) is elevated from a gross misdemeanor to a felony if the defendant has "four or more prior offenses within ten years as defined in RCW 46.61.5055." Under RCW 46.61.5055(14)(a)(xii), a qualifying "prior offense" includes a conviction for reckless or negligent driving, "if the conviction is the result of a charge that was originally filed as a [DUI]."

Ken Wu appeals his felony DUI conviction. He contends that he was deprived of the right to a jury trial because the trial court concluded as a threshold matter that his prior two convictions for reckless driving were qualifying "prior offenses." Alternatively, Wu argues that even if the trial court had authority to make the threshold determination,

there was insufficient evidence to demonstrate the prior offenses involved drugs or alcohol. We affirm.

I.

On August 1, 2016, a Washington State Trooper conducted a traffic stop after observing a truck driven by Wu weaving between lanes on I-5. Wu was alone in the driver's seat and had bloodshot watery eyes. Wu's speech was thick and he had difficulty retrieving his registration. Wu agreed to attempt a field sobriety test but performed very poorly. Wu was arrested and transported to the police station. Wu submitted two breath samples with a breath alcohol content (BAC) of 0.072 and 0.068 respectively.

The State charged Wu with felony DUI, violating an ignition lock requirement, and driving with a suspended license.[1] The felony DUI charge was based on the State's claim that Wu had four "prior offenses" under RCW 46.61.502(6).

The trial court granted Wu's motion to bifurcate the trial. The first phase of trial determined whether Wu was guilty of DUI for the August 1, 2016, arrest. The jury found Wu guilty of DUI.

The second phase of trial determined whether Wu had four prior offenses within 10 years which would elevate the DUI to a felony DUI and whether Wu was guilty of driving with a suspended license.

During the second phase of trial, the State offered evidence of the following four prior convictions:

---

[1] The State dismissed the ignition interlock violation at the beginning of trial.

- April 29, 2014, conviction by the Marysville Municipal Court for first degree negligent driving, based on a September 29, 2013 citation for DUI.

- October 13, 2015, conviction by the Snohomish County District Court for reckless driving based on an October 9, 2013, citation for DUI.

- July 22, 2015, conviction by the Snohomish County District Court for DUI based on an October 15, 2013, citation for DUI.

- March 29, 2016, conviction by the Marysville Municipal Court for reckless driving based on a May 2, 2015, citation for DUI.

After the State rested, Wu moved to dismiss the felony DUI charge on the grounds that the State presented no evidence that Wu's two prior convictions for reckless driving involved alcohol or drugs. After reviewing the evidence supporting the four convictions and relevant case law, the trial court concluded that each of the prior convictions involved the use of alcohol and denied Wu's motion to dismiss.

Wu then unsuccessfully proposed a jury instruction that would have required the State to prove that a "prior offense" was related to alcohol or drugs beyond a reasonable doubt. The trial court declined Wu's proposed instruction because it had already found that Wu's prior offenses involved alcohol.

The jury found that Wu had four or more "prior offenses" within 10 years of August 1, 2016. The trial court sentenced Wu to 23 months of confinement on the DUI count and 90 days for driving with a suspended license. Wu appeals.

II.

A.

Wu's primary contention is that the State must prove to a jury, beyond a reasonable doubt, that each of the four prior convictions used to elevate a gross misdemeanor DUI to a felony DUI meet the statutory definition of a "prior offense." Wu contends that our Supreme Court's opinion in City of Walla Walla v. Greene, 154 Wn.2d 722, 116 P.3d 1008 (2005), and Division Two of this court's decision in State v. Mullen, 186 Wn. App. 321, 345 P.3d 26 (2016), requires the jury, not the court, to determine that the "prior offenses" involved alcohol or drugs as an element of the crime. We disagree.

We review questions of law de novo. State v. Chambers, 157 Wn. App. 465, 474, 237 P.3d 352 (2010). Due process requires the State to prove each essential element of the crime beyond a reasonable doubt. U.S. Const. amend. XIV; Wash. Const. art. I, Sec. 22; In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); State v. Oster, 147 Wn.2d 141, 146, 52 P.3d 26 (2002). The legislature defines the elements of a crime. Chambers, 157 Wn. App. at 475 (citing State v. Williams, 162 Wn.2d 177, 183, 170 P.3d 30 (2007)). "Proof of the existence of the prior offenses that elevate a crime from a misdemeanor to a felony is an essential element that the State must establish beyond a reasonable doubt." Chambers, 157 Wn. App. at 475.

B.

RCW 46.61.502(1) defines the elements of the crime of DUI.[2] Chambers, 157 Wn. App. at 475. A DUI is generally a gross misdemeanor. RCW 46.61.502(5). But in certain circumstances it can be elevated to a felony. Under former RCW 46.61.502(6)(a), "[i]t is a class B felony . . . if . . . [t]he person has four or more prior offenses within ten years as defined in RCW 46.61.5055."[3] Former RCW 46.61.5055(14) defines a "prior offense" to include

> [a] conviction for a violation of . . . [RCW] 46.61.500 [reckless driving], or 9A.36.050 [reckless endangerment] or an equivalent local ordinance, if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502 [DUI].

RCW 46.61.5055(14)(a)(xii)

C.

We first address the question of whether the court or jury must determine if a person has the requisite "prior offenses" necessary to elevate a misdemeanor DUI to felony DUI. In Chambers, 157 Wn. App. at 477, we explained that

> under two other nearly identical statutory schemes, our appellate courts have held that while the existence of a prior conviction is an essential

---

[2] RCW 46.61.502 provides "[a] person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state:
  (a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or
  (b) The person has, within two hours after driving, a THC concentration of 5.00 or higher as shown by analysis of the person's blood made under RCW 46.61.506; or
  (c) While the person is under the influence of or affected by intoxicating liquor, marijuana, or any drug; or
  (d) While the person is under the combined influence of or affected by intoxicating liquor, marijuana, and any drug.

[3] Although both Wu and the State agree that the version of RCW 46.61.502(6) in place when Wu committed his crime elevated his DUI to a "Class C" felony, this appears to be incorrect. In March 2016, the legislature amended RCW 46.61.502(6) so that a DUI would become a "class B" felony, and this amendment became effective on June 9, 2016. Laws of 2016, Ch. 87, § 1(6): LAWS OF 2016, at ii. Wu committed this crime on August 1, 2016. The legislature since amended RCW 46.61.502(6)(a) to reduce the number of prior offenses to three. LAWS OF 2017, Ch. 335, § 1(6)(a).

element that must be proved to the jury beyond a reasonable doubt, the question of whether a prior conviction qualifies as a predicate offense for purposes of elevating a crime from a misdemeanor to a felony is a threshold question of law for the court to decide.

Chambers, 157 Wn. App. at 477. After analyzing State v. Carmen, 118 Wn. App. 655, 77 P.3d 368 (2003) (elevating violation of no-contact order to felony based on previous violations of certain statutes); State v. Miller, 156 Wn.2d 23, 31, 123 P.3d 827 (2005) (approving the holding in Carmen); and State v. Boss, 167 Wn.2d 710, 718-19, 223 P.3d 506 (2009) (concluding the validity of a custody order under the first degree custodial interference statute was not an element of the crime but a threshold decision for the trial court); we concluded:

> While the State must prove beyond a reasonable doubt the existence of four or more prior DUI offenses within 10 years in order to convict a defendant of felony DUI in violation of former RCW 46.61.502(6), whether a prior offense meets the statutory definition in former RCW 46.61.5055(13) and qualifies as a predicate offense, is a threshold determination to be decided by the trial court.

Chambers, 157 Wn. App. at 481.

We confirmed our holding from Chambers in State v. Cochrane, 160 Wn. App. 18, 253 P.3d 95 (2011). In Cochrane, we concluded that while the existence of the four prior DUIs as defined by statute is an essential element of the crime that must be proved beyond a reasonable doubt, the threshold question of whether a prior conviction qualifies as a predicate offense is a threshold question of law for the court. 160 Wn. App. 26-27. We further concluded, that the specific details of the prior offenses are not essential statutory elements that must be alleged in the information. Cochrane, 160 Wn.2d at 25. More recently, we reconfirmed the holding from Chambers in State v. Bird, 187 Wn. App. 942, 945, 352 P.3d 215 (2015) (disagreeing with Mullen).

Thus, under our established precedents the existence of four or more prior DUI offenses within 10 years is an essential element of felony DUI, and must be proven beyond a reasonable doubt. But, whether a prior conviction meets the statutory definition in former RCW 46.61.5055(13), and thus qualifies as a "prior offense," is a threshold question of law to be decided by the trial court.

D.

Wu relies primarily on Mullen, a recent split decision from Division Two of this court. Patrick Mullen appealed his conviction for felony DUI, arguing that the jury should have been instructed that the State needed to prove beyond a reasonable doubt that alcohol or drugs were involved in his prior conviction for reckless driving. Mullen, 186 Wn. App. at 324. Relying on Greene, 154 Wn.2d at 727-28, the majority in Mullen concluded that the involvement of drugs or alcohol in the prior reckless driving conviction is an essential element of the crime of felony DUI and thus a question for the jury to decide. We respectfully disagree that Greene created a new essential element for the crime of felony DUI.

In Greene, the court interpreted "prior offenses" for the purpose of determining mandatory minimum sentences. Greene claimed that the statute establishing a harsher minimum sentence based on the definition of a "prior offense" was unconstitutional because each element of her prior DUI-related charge was not proved beyond a reasonable doubt. 154 Wn.2d at 724-25. The district court, relying on State v. Shaffer, 113 Wn. App. 812, 818-20, 55 P.3d 668 (2002), overruled by Green, 154 Wn.2d at 722, agreed.

In Shaffer, this court held that RCW 9.94A.310(7), a statute that required a sentence for a vehicular homicide conviction to be enhanced by two years if the defendant also had a "prior offense" of reckless driving that was originally charged as a DUI, violated due process. 113 Wn. App. at 818-19. The Shaffer court "reasoned that since the statute does not require any proof that an earlier DUI was committed, it violates due process." Greene, 154 Wn.2d at 726.

In Greene, our Supreme Court overruled Shaffer and held that RCW 46.61.5055(12)(a)(v) was constitutional. 154 Wn.2d at 727-28. In doing so, the court concluded:

> The statutory definition requires a conviction for negligent driving, or other listed offense, originating from a DUI charge. RCW 46.61.5055(12)(a)(v). Accordingly the statute requires the State to establish that a prior driving conviction involved the use of intoxicating liquor or drugs. Thus, due process is satisfied for the purposes of this mandatory enhancement if the prior conviction exists and the prosecution can establish that intoxicating liquor or drugs were involved in that prior offense.

Greene, 154 Wn.2d at 727-28 (footnote omitted). Thus, under Greene, to demonstrate a prior conviction for reckless driving meets definition of a "prior offense" under RCW 46.61.5055(14)(a)(xii), the State must establish that intoxicating liquor or drugs were involved in the event leading to the reckless driving conviction.

But contrary to the majority opinion in Mullen, nothing in Greene altered the legislature's definition of the essential elements of the crime of felony DUI. As the dissent in Mullen summarized:

> While the fact that a person has four prior DUI offenses is an essential element of the crime of felony DUI under RCW 46.61.502(6) that must be proved to the jury beyond a reasonable doubt, whether a prior offense meets the statutory definition in RCW 46.61.5055(13) is not an

essential element of the crime. Rather, the question of whether a prior offense meets the statutory definition is a threshold question of law to be decided by the trial court before admitting a prior offense into evidence at trial.

Mullen, 186 Wn. App. at 339 (Melnick, J., dis) (citing State v. Chambers, 157 Wn. App. 465, 468, 237 P.3d 352 (2010); Cochrane, 160 Wn. App. at 27).

We had the opportunity to consider Mullen in State v. Bird, 187 Wn. App. 945, 352 P.3d 215 (2015). The defendant in Bird was charged with felony DUI based on the predicate offense of vehicular assault. Under RCW 46.61.502(6)(B)(ii) and RCW 46.61.5055(4)(b)(ii), a DUI charge can be elevated to a felony DUI when a person has previously been convicted of vehicular assault while under the influence of alcohol. On appeal, we disagreed with Mullen, and in reliance on Chambers and Cochrane, held that whether a prior conviction qualifies as a predicate offense is a threshold question of law for the court.[4] 187 Wn. App. at 945-46. We agree with Bird, Chambers, and Cochrane, and continue to hold that it was a threshold question for the trial court to determine if Wu's prior convictions for reckless driving involved intoxicating alcohol or drugs.[5]

The trial court did not err in making the threshold determination of whether Wu's

---

[4] Like the majority in Mullen, the dissent argues that under Greene the question of whether alcohol was involved in the prior reckless driving convictions is an additional aggravating factor that must be separately proven as a question of fact. Dissent at 9-10. We respectfully disagree. While Greene recognized that due process is satisfied if "the prosecution can establish that intoxicating liquor or drugs were involved in the prior offense," the Court did not elevate the involvement of liquor of drugs to an aggravating factor. Nor did the Court conclude that the involvement of liquor or drugs was an essential element of the crime. Greene, 154 Wn.2d at 727-28. Whether a prior offense meets the statutory definition in RCW 46.61.5055(14)(a) is not an essential element of the crime. Instead, whether a prior offense meets the statutory definition is a threshold question of law to be decided by the trial court prior to admitting the evidence to the jury.

[5] The trial court considered both Mullen and Bird and concluded that the dissent in Mullen and this court's decision in Bird were persuasive.

four prior convictions qualified as "prior offenses" before submitting the convictions to the jury.

III.

Wu argues alternatively that if the trial court did have the authority to make the threshold determination, there was insufficient evidence to demonstrate his two prior convictions for reckless driving involved intoxicating alcohol or drugs. We disagree.

We first consider Wu's reckless driving conviction from the Snohomish County District Court. The State presented certified copies of the original criminal complaint and the district court's judgment and sentence. The original complaint, signed under penalty of perjury by the deputy prosecuting attorney, states that the police reports indicated that within two hours after driving Wu had "an alcohol concentration of 0.08 or higher as shown by analysis of the defendant's breath or blood made under RCW 46.61.506". The judgment and sentence indicates that the original charge was DUI and that it was amended to reckless driving. The trial court did not err in concluding that the Snohomish County District Court conviction for reckless driving was originally charged as a DUI and involved alcohol.

We next consider Wu's reckless driving conviction from the Marysville Municipal Court. The State presented a certified copy of the police citation and the court's finding and sentence. The original citation shows that Wu submitted a breath sample during the incident that resulted in a BAC of 0.095. The district court's finding and sentence indicates that the original charge was DUI and that it was amended to reckless driving. The trial court did not err in concluding that the Marysville District Court conviction for reckless driving was originally charged as a DUI and involved alcohol.

We affirm Wu's conviction for felony DUI.

_____Mann, J._____

WE CONCUR:

_____Leppelurck, CJ_____   _____

State v. Wu, No. 77045-4-I

BECKER, J. (dissenting) – I respectfully dissent. This court should follow the analysis of RCW 46.61.5055(14)(a)(xii) used in State v. Mullen, 186 Wn. App. 321, 337, 345 P.3d 26 (2015) and foreshadowed in City of Walla Walla v. Greene, 154 Wn.2d 722, 116 P.3d 1008 (2005), cert. denied, 546 U.S. 1174, 126 S. Ct. 1339, 164 L. Ed. 2d 54 (2006). The penalty for a current conviction for driving under the influence (DUI) cannot be enhanced merely because a prior reckless driving conviction was originally filed as a DUI. Any time a judge's authority to prescribe a particular sentence depends on an additional fact other than the fact of a prior conviction, that fact must be proven by the jury's verdict or admitted by the defendant. Blakely v. Washington, 542 U.S. 296, 305, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Absent an admission by the defendant, due process requires that the involvement of alcohol or drugs in a reckless driving conviction must be proved by the State as a fact in addition to the conviction itself.

Appellant Ken Wu's 2016 violation of the DUI statute, ordinarily a gross misdemeanor, would become a felony if the State could prove Wu had four "prior offenses" within 10 years. Former RCW 46.61.502(5), (6)(a) (2016).[1] Many types of convictions fit within the definition of "prior offense." RCW 46.61.5055(14)(a). The State offered Wu's two prior convictions for reckless

---

[1] Three convictions, not four, are required under the current version of the statute as the result of an amendment in 2017. Former RCW 46.61.502(6)(a) (2016) was amended by LAWS OF 2017, ch. 335 § 1 (eff. July 23, 2017).

46.61.5055(14)(a). The State offered Wu's two prior convictions for reckless driving and his two prior convictions for DUI. Only his two prior convictions for reckless driving are at issue here.

The statute provides that a conviction for reckless driving qualifies as a "prior offense" if it is the result of a charge that was originally filed as a violation of the DUI statute. RCW 46.61.5055(14)(a)(xii).[2] Wu's prior convictions for reckless driving on October 13, 2015 and March 29, 2016 were each originally filed as a DUI.

Wu moved to dismiss the felony DUI charge, citing Mullen.[3] The trial court denied the motion. Mullen, a split decision from Division Two, is the leading case on the use of prior reckless driving convictions as enhancements. The trial court found the dissent in Mullen more persuasive and also more consistent with a Division One opinion, State v. Bird, 187 Wn. App. 942, 943, 352 P.3d 215, review denied, 184 Wn.2d 1013, 360 P.3d 818 (2015).[4] The trial court counted Wu's

---

[2] "A 'prior offense' means . . . [a] conviction for a violation of RCW 46.61.5249 [first degree negligent driving], 46.61.500 [reckless driving], or 9A.36.050 or an equivalent local ordinance, if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522." RCW 46.61.5055(14)(a)(xii).

[3] In Mullen, the statute at issue was former RCW 46.61.5055(14)(a)(x); for purposes of this opinion it remains the same though it is now codified as RCW 46.61.5055(14)(a)(xii).

[4] When conflicting Court of Appeals decisions exist, a superior court need not consider itself bound by the opinion from the division in which the superior court sits, but should instead use its judgment to attempt to determine which opinion the Supreme Court would agree with. See Mark DeForrest, In the Groove or in a Rut? Resolving Conflicts between the Divisions of the Washington State Court of Appeals at the Trial Court Level, 48 Gonz. L. Rev. 455 (2012/13), cited with approval in Grisby v. Herzog, 190 Wn. App. 786, 809, 362 P.3d 763 (2015).

reckless driving convictions as "prior offenses" based on documents showing that each case had originally been filed as a DUI.[5]

To understand how the uncertainty has developed, one must go back to State v. Shaffer, 113 Wn. App. 812, 55 P.3d 668 (2002), a Division One opinion. The defendant in Shaffer was convicted of vehicular homicide. He had a prior conviction for reckless driving that was originally filed as a DUI. The State argued for a mandatory 24-month sentence enhancement based on the reckless driving conviction being a "prior offense."[6] Shaffer rejected this argument. "Because the sentence enhancement deprives Shaffer of his liberty based on an unproven allegation of DUI in a criminal case resulting in a reckless driving conviction, we hold that the statute is unconstitutional and violates Shaffer's due process rights." Shaffer, 113 Wn. App. at 822.

The issue next arose in Greene, 154 Wn.2d 722. The defendant in Greene, convicted of DUI, had a prior conviction for first degree negligent driving that was originally filed as a DUI. A conviction for first degree negligent driving counts as a "prior offense" under the statute defining that term.[7] But unlike a conviction for reckless driving (the fact pattern in Shaffer), a conviction for first degree negligent driving necessarily requires proof beyond a reasonable doubt that the driver exhibited the effects of alcohol or drug use. Compare RCW

---

[5] Report of Proceedings at 688-90.

[6] In Shaffer, the statute at issue was former RCW 46.61.5055(11)(a)(v); for purposes of this opinion, it remains the same though it is now codified as RCW 46.61.5055(14)(a)(xii).

[7] In Greene, the statute at issue was former RCW 46.61.5055(12)(a)(v); for purposes of this opinion, it remains the same though it is now codified as RCW 46.61.5055(14)(a)(xii).

46.61.500(1) (reckless driving), with RCW 46.61.5249(1)(a) (first degree negligent driving). The State argued for a mandatory 24-month sentence enhancement based on the negligent driving conviction being a "prior offense." The trial court rejected this argument, following Shaffer. On direct review, the Supreme Court reversed. The court did not say the result in Shaffer was wrong, but the court overruled Shaffer's blanket holding that the statute defining "prior offense" to include an unproven charge of DUI was unconstitutional. "Subject only to the constraints of the constitution, the legislature may define and punish criminal conduct." Greene, 154 Wn.2d at 727. The court concluded that the definition of "prior offense," currently codified as RCW 46.61.5055(14)(a)(xii), satisfies due process under two conditions: if the prior conviction exists and if "the prosecution can establish that intoxicating liquor or drugs were involved in that prior offense." Greene, 154 Wn.2d at 727-28. On the facts in Greene, there was no due process violation because proving the elements of first degree negligent driving necessarily proved the involvement of liquor or drugs:

> For Greene, the fact that she was convicted of first degree negligent driving is sufficient to satisfy her due process protections because all elements of that offense are established by virtue of the conviction itself. Accordingly, we hold that here, RCW 46.61.5055(12)(a)(v) survives constitutional challenge.

Greene, 154 Wn.2d at 728 (emphasis added).

Mullen was the next case to consider the due process implications of the statute discussed in Shaffer and Greene.[8] The defendant's violation would have

---

[8] In Mullen, the statute at issue was former RCW 46.61.5055(14)(a)(x); for purposes of this opinion it remains the same though it is now codified at RCW 46.61.5055(14)(a)(xii).

been a misdemeanor, but he was convicted of felony DUI because he had a prior conviction for reckless driving that was originally filed as a DUI. The <u>Mullen</u> majority followed <u>Greene</u>'s holding that the State had to prove Mullen's reckless driving conviction involved alcohol or drugs in order to satisfy due process. But the majority distinguished <u>Greene</u> on the basis that the prior conviction used for enhancement in <u>Greene</u> was first degree negligent driving, not reckless driving. "The difference in Mullen's case is that the State cannot prove that alcohol or drugs were involved merely by virtue of his conviction for reckless driving." <u>Mullen</u>, 186 Wn. App. at 334.

The State argued in <u>Mullen</u>, as it does in the present case, that counting the reckless driving conviction as a "prior offense" satisfied the statute because a docket sheet confirmed that Mullen was originally charged with DUI, and it satisfied due process because a motion to suppress the blood alcohol test results in the reckless driving case showed that the reckless driving conviction was alcohol or drug related as required by <u>Greene</u>. <u>Mullen</u>, 186 Wn. App. at 334. The court rejected the State's argument for three sound reasons:

> First, it ignores the <u>Greene</u> court's reasoning in overruling <u>Shaffer</u>. The court overruled <u>Shaffer</u> because it disagreed that the felony DUI statute required the State to prove the underlying DUI. <u>Greene</u>, 154 Wn.2d at 727. The court held that the legislature sought to apply felony DUI only to those defendants who were convicted of multiple alcohol- or drug-related offenses. <u>Greene</u>, 154 Wn.2d at 727-28. The way to accomplish this is to prove that alcohol or drugs were involved in the prior offense and does not require the State to reprove the offense.

> Second, the State's argument is misguided because if the <u>Greene</u> court sought merely to require the State to prove that (1) the prior conviction existed and (2) the prior conviction was originally charged as a DUI, the <u>Greene</u> court could have relied

5

solely on the language of the statute. See RCW 46.61.5055(14)(a)(x). Instead Greene states that due process requires the State to "establish" that alcohol or drugs were involved. 154 Wn.2d at 728.

Finally, the State's argument ignores the fact that the defendant in Greene pleaded guilty to first degree negligent driving and that alcohol or drugs are an essential element of that offense. RCW 46.61.5249; see also 154 Wn.2d at 728. This is an important difference from Mullen's case because Greene was convicted beyond a reasonable doubt of an alcohol- or drug-related offense. Mullen, in contrast, pleaded guilty to a non-alcohol- or non-drug-related prior offense, reckless driving, which the State now seeks to use to convict him of a more serious alcohol- or drug-related offense.

Mullen, 186 Wn. App. at 335.

For the reasons given in Mullen, we should reject the virtually identical argument the State makes in Wu's case. As the State interprets Greene, a prior reckless driving conviction will enhance the penalty for a current DUI conviction if the State shows that the prior offense was initially filed as a DUI. Br. of Resp't at 9. This is wrong. A reckless driving conviction does not inherently involve alcohol or drugs. Greene does not hold that an accusation equals proof.

The State's position is unsatisfactory practically as well as legally. First, it creates a dubious template for the drafting of future statutes. For example, the State's reasoning would support a "three strikes" statute that counted a prior conviction for shoplifting as a strike merely because it was initially filed as a robbery. Second, allowing the State's initial accusation to serve as proof creates an incentive to overcharge and then amend to a lesser charge that can be proved.

6

The majority relies on a line of cases holding that the fact of a prior conviction is a threshold question for the judge to decide. See, e.g., Bird, 187 Wn. App. at 943; State v. Cochrane, 160 Wn. App. 18, 27, 253 P.3d 95 (2011); State v. Chambers, 157 Wn. App. 465, 468, 237 P.3d 352 (2010), review denied, 170 Wn.2d 1031, 249 P.3d 623 (2011). These cases are applicable when an enhanced penalty depends solely on the existence and legal nature of a prior conviction. State v. Allen, ___ Wn. App. ___, 425 P.3d 529, 532 (2018). But the statute we are concerned with uses the defined term "prior offense," a term that is broader than a conviction. Allen, 425 P.3d at 532. The majority overlooks this distinction.

Allen was governed by the same statute as Bird—under RCW 46.61.502(6)(b)(ii), a conviction for DUI is elevated from a misdemeanor to a felony if the person was ever previously convicted of vehicular assault while under the influence. Vehicular assault can be committed by three alternative means, only one of which requires proof that the defendant was under the influence. RCW 46.61.522(b). In both Bird and Allen, the DUI defendant had a prior conviction for vehicular assault as the result of a guilty plea. In each case, the defendants argued that the record of the prior conviction for vehicular assault did not clearly show the offense was committed by the means requiring proof of operating under the influence. In each case, the appellate court analyzed that argument by looking at the prior guilty plea. In each case, the prior guilty plea encompassed all three charged means of vehicular assault, including the means necessary for a later DUI enhancement. In each case, the appellate court held

that determining whether the vehicular assault conviction could be admitted for enhancement purposes was a question of law for the court.

There is a critical distinction between enhancing a DUI sentence with a prior conviction for vehicular assault under RCW 46.61.502(6)(b)(ii), as was done in Bird and Allen, and enhancing a DUI sentence with a "prior offense" of reckless driving under RCW 46.61.5055(14)(a)(xii)—the fact pattern in Mullen and Wu's case. To enhance the penalty for a current DUI, a prior conviction for vehicular assault does not have to be originally filed as a DUI. RCW 46.61.502(6)(b)(ii); see also RCW 46.61.5055(14)(a)(i) (a vehicular assault conviction does not have to be originally filed as a DUI to be a "prior offense"). The Allen court noticed and explained the distinction, and in doing so cited Mullen with approval:

> Whether a prior vehicular assault conviction qualifies to elevate a DUI charge from a misdemeanor to a felony involves issues of fact and law. Factually, the State must prove the conviction exists and pertains to the defendant. But once this burden is satisfied, the rest of the inquiry is purely legal. The nature of a prior conviction, and the facts established thereby, are set at the time of a verdict or guilty plea. Descamps v. United States, 570 U.S. 254, 269-70, 133 S. Ct. 2276, 186 L .Ed. 2d 438 (2013); In re Pers. Restraint of Lavery, 154 Wn.2d 249, 258, 111 P.3d 837 (2005). They cannot be altered or revisited at a subsequent evidentiary hearing or trial.
>
> Our inquiry would be different had the penalty statute at issue in this case not been limited in application to a prior "conviction." For example, RCW 46.61.502(6)(a) currently permits elevating a DUI from a misdemeanor to a felony based on three or more "prior offenses." The term "prior offense" is broader than a conviction. RCW 46.61.5055(14)(a). It includes (among other things) convictions accompanied by additional aggravating facts. Id. Additional aggravating facts are matters that can be the subject of a new fact finding proceeding. State v. Mullen, 186 Wn. App. 321, 334, 345 P.3d 26 (2015) (citing State v. Roswell, 165 Wn.2d 186, 194, 196 P.3d 705 (2008)). But when it comes to the core issue of what was

established by a prior conviction, no additional factual inquiry applies.

Because the nature of a prior conviction is a legal matter, it is something for the court to decide, not a jury. See State v. Miller, 156 Wn.2d 23, 31, 123 P.3d 827 (2005).

Allen, 425 P.3d at 532.

Bird is consistent with Allen in stating, correctly, that the nature of a prior conviction is purely a legal matter. "Whether a prior conviction qualifies as a predicate offense is a threshold question of law for the court, and not an essential element of the crime of felony DUI." Bird, 187 Wn. App. at 945. But Bird follows up this statement with an unnecessary and inaccurate criticism of Mullen: "In Mullen, a divided court held that the trial court erred in not instructing a jury that the State was required to prove beyond a reasonable doubt that alcohol or drugs were involved in the prior conviction for reckless driving. But the issue of whether that conviction qualifies is a question of law, not fact." Bird, 187 Wn. App. at 945. Bird misstates the holding of Mullen as if it turned on the use of a prior conviction for enhancement without any other facts. What Mullen holds is that a prior conviction for reckless driving qualifies as a "prior offense" for enhancement purposes only when it is accompanied by the additional aggravating fact that it was for a violation initially filed as a DUI. RCW 46.61.5055(14)(a)(xii).

Ultimately, all three cases—Mullen, Bird, and Allen—reach correct results that are consistent with Greene. In Greene, the State did not have to prove that the "prior offense" of first degree negligent driving involved alcohol or drugs because that fact was "established by virtue of the conviction itself." Greene, 154

9

Wn.2d at 728. In Bird and Allen, the State had only to prove a prior conviction for vehicular assault; no additional aggravating fact was required to satisfy due process. In Mullen, the State had to prove an additional aggravating fact and failed to do so.

Cochrane and Chambers are the other cases cited by the majority for the proposition that a "prior offense" is always a threshold question of law for the court to decide. Cochrane and Chambers are not on point. They do not address the unique definition of "prior offense" that allows a prior conviction for reckless driving to be used for enhancement based solely on how it was originally charged, regardless of whether drugs or alcohol were involved. Because the predicate offenses were all prior DUI convictions, Greene was not discussed. Like the first degree negligent driving conviction in Greene, a DUI conviction inherently establishes the use of alcohol or drugs that is why Wu does not challenge the use of his two prior DUI convictions. The issue here is what the State must additionally prove when the predicate offense does not inherently establish the use of alcohol or drugs and its admissibility for enhancement depends on what charge the State originally filed. That issue was not present in Cochrane or Chambers.

The additional fact necessary to make a prior reckless driving conviction qualify as a "prior offense" can be established by jury fact-finding, as the defendant proposed in Mullen and as Wu proposed in the present case. Or in some cases it can be determined by the court as a matter of law, but only if the record of that prior conviction shows that the defendant stipulated or admitted to

10

involvement of drugs or alcohol. Cf. In re Pers. Restraint of Lavery, 154 Wn.2d 249, 255, 111 P.3d 837 (2005). Otherwise, allowing a court to discern drug or alcohol involvement from the underlying facts of the reckless driving conviction "proves problematic." Lavery, 154 Wn.2d at 258. Here, the trial court did not submit the issue to the jury. And the documents with which the State attempted to establish admissibility of the two "prior offenses" of reckless driving did not include Wu's stipulation or admission to drug or alcohol involvement. The documents merely showed that the reckless driving convictions were originally filed as DUIs. Filing a charge is only an accusation. It is not proof.

The correct result in the present case, under Greene and Mullen, is to reverse the felony DUI conviction. The prosecution did not "establish that intoxicating liquor or drugs were involved" in Wu's prior reckless driving convictions. Greene, 154 Wn.2d at 728.

The parties agree that if the felony conviction is reversed, it is appropriate to remand for entry of a DUI misdemeanor conviction, as was done in Mullen, 186 Wn. App. at 337. The jury was instructed on and found the elements for gross misdemeanor DUI in the initial phase of Wu's bifurcated trial. See In re Pers. Restraint of Heidari, 174 Wn.2d 288, 293-94, 274 P.3d 366 (2012). The case should be remanded for entry of a conviction for misdemeanor DUI.

Becker, J.

11