# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71615-8-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| TRAVIS JOSHUA BIRD, | ) | |
| | ) | |
| Respondent. | ) | FILED: June 1, 2015 |

TRICKEY, J. — A charge of driving while under the influence (DUI) may be elevated to a felony when a defendant has previously been convicted of vehicular assault while under the influence of alcohol or drugs. Here, the defendant had previously entered an Alford[1] plea to vehicular assault under all three alternative means, including driving while under the influence. Moreover, it is clear from the underlying facts in that case that the defendant was under the influence of alcohol and drugs when his passenger was injured. Accordingly, we reverse the trial court and remand for further proceedings.

## FACTS

In January 2013, Bird was stopped by law enforcement officers for erratic driving. The officers noticed that Travis Bird had slurred speech and red eyes. Bird admitted to drinking. Bird performed poorly on field sobriety tests. Additionally, a portable breath test showed a sample of .138. The officers noted that Bird had a prior vehicular assault conviction. Bird told the officers that he

---

[1] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

was aware of the conviction and, further, that he was aware that this current offense would be a felony. Bird was arrested and charged with a felony DUI.

The charge was elevated to a felony because of Bird's previous conviction of vehicular assault in 2009. At that time, Bird entered an Alford plea to vehicular assault as charged in the original information. The plea stated that the court could "review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea."[2] The court entered findings accepting the plea and noting that sufficient probable cause existed to find Bird guilty of "Vehicular Assault."[3] The court then entered a felony judgment and sentence finding Bird guilty on a plea of "Vehicular Assault - All Alternatives."[4] The notation "(DUI)" is handwritten over "All Alternatives."[5]

Bird moved to dismiss the felony charge for lack of proof of the predicate offense. The trial court agreed and dismissed the felony charge without prejudice. The State appeals.

ANALYSIS

Under RCW 46.61.502(6)(b)(ii) and RCW 46.61.5055(4)(b)(ii), a DUI charge can be elevated to a felony when a person has been previously convicted of vehicular assault while under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502(1), and causes substantial bodily harm to another person.

---

[2] Clerk's Papers (CP) at 29.
[3] CP at 32.
[4] CP at 33.
[5] CP at 33.

Whether a prior conviction qualifies as a predicate offense is a threshold question of law for the court, and not an essential element of the crime of felony DUI. State v. Chambers, 157 Wn. App. 465, 479, 237 P.3d 352 (2010), review denied, 170 Wn.2d 1031, 249 P.3d 623 (2011); State v. Cochrane, 160 Wn. App. 18, 20, 253 P.3d 95 (2011). We disagree with Division Two's recent opinion, State v. Mullen, __ Wn. App. __, 345 P.3d 26 (2015), holding otherwise.

In Mullen, a divided court held that the trial court erred in not instructing a jury that the State was required to prove beyond a reasonable doubt that alcohol or drugs were involved in the prior conviction for reckless driving. But the issue of whether that conviction qualifies is a question of law, not fact. "As such, the trial court must determine [the] 'applicability' of a prior offense." Chambers, 157 Wn. App. at 479. We review questions of law de novo. State v. Mullin-Coston, 152 Wn.2d 107, 114, 95 P.3d 321 (2004).

Only prior offenses that meet the statutory definition are admissible as predicate offenses elevating a DUI to a felony. Chambers, 157 Wn. App. at 479. Once determined that it is admissible, the State can introduce the crime into evidence at the present trial.

Below, Bird successfully argued that the record was unclear as to which alternative Bird was convicted of and, further, that without proof that he was convicted of the DUI means of vehicular assault, the felony charge on the new DUI must be dismissed. But the evidence here is more than sufficient to establish that Bird was under the influence in his conviction for vehicular assault.

Under CrR 4.2(d), a trial court must be satisfied that there is a factual basis for a defendant's guilty plea. This is a procedural requirement that is not constitutionally mandated. State v. Branch, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). The trial court is not limited to the defendant's statement, but may look to any reliable source to determine that there is a factual basis for a guilty plea. Here, there was such a factual basis in addition to Bird's own statement.

First, Bird pleaded guilty to all alternatives. The 2009 judgment and sentence found Bird guilty of vehicular assault (all alternatives) as charged in the original information. That judgment and sentence included the DUI prong and the fact that there were two other prongs in addition should not alter his plea as to the DUI prong.

Second, the statement of defendant on plea of guilty to non-sex offense (felony) states:

> **4. I Have Been Informed and Fully Understand That:**
>
>  . . . .
>
> (b) I am charged with: Vehicular Assault_____
> The elements are: On July 4, 2008 in Skagit County, WA did drive a motor vehicle while under the influence of alcohol and did cause substantial bodily harm to another person to wit Whitney Schulz.[6]

The findings of fact and conclusions of law incorporated by reference Bird's statement on his guilty plea.

Additionally, in paragraph 11 of the plea, Bird stated that he agreed the court could review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea. Witnesses'

---

[6] CP at 22.

4

observations were included in those reports. One of the witnesses noticed an odor of alcohol amongst the occupants as well as an odor of marijuana coming from Bird and another passenger. A passenger in the vehicle informed the responding trooper that Bird had been drinking alcohol earlier in the evening. At the hospital, Bird appeared dazed and confused and did not respond to the trooper's questions. The trooper observed that Bird's eyes were pink, his speech was slurred and repetitive, and an odor of alcohol emanated from him. Another witness stated that Bird had consumed beer and smoked marijuana earlier in the evening. The report concluded that Bird was driving in excess of the posted speed limit while under the influence of alcohol and marijuana.

Thus, there is sufficient information upon which a trial court could determine that the guilty plea referred to the DUI prong and, therefore, relevant and admissible at the trial. Bird's description of the crime is consistent with a plea to all three prongs of the vehicular assault crime. He was speeding, driving recklessly while under the influence of alcohol and marijuana.

We hold that Bird's previous conviction serves as a predicate offense enabling the State to charge him with a felony DUI. Accordingly, we reverse the trial court's order of dismissal and remand for further proceedings.

Trickey, J.

WE CONCUR:

Leach, J.

Appelwick, J.

5