

This opinion was
filed for record
at 8am on Dec 12, 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 96747-4 |
| Respondent, | ) | |
| v. | ) | En Banc |
| KEN V. WU, | ) | |
| Petitioner. | ) | Filed ___ DEC 1 2 2019 ___ |

MADSEN, J.—In this case, we clarify the required elements for felony DUI (driving under the influence) and who must determine whether such required elements are met, a judge or a jury. We hold that the essential elements of felony DUI are set forth in RCW 46.61.5055(14)(a), and resolving conflicting case law, we hold that following a trial court's determination of admissibility, a jury should determine whether the essential elements of felony DUI have been met based on proof beyond a reasonable doubt provided by the State. Accordingly, we affirm defendant's conviction.

FACTS

The State charged Ken Wu with "felony DUI" (driving under the influence of alcohol or drugs), violating an ignition interlock requirement, and first degree driving with a suspended license. Clerk's Papers (CP) at 1-2. The felony DUI charge was based on Wu having, within 10 years of his present arrest, four "prior offenses" as defined by former RCW 46.61.5055(14)(a)(xii) (2016). *Id.* at 1. The court granted Wu's motion to bifurcate the trial so that the jury would consider his conduct on the date of arrest before discovering his criminal history.

The jury first considered the elements of gross misdemeanor DUI and convicted Wu of that charge; that conviction is not challenged. After convicting Wu of DUI, the jury then heard evidence regarding Wu's four prior offenses, along with the suspended license charge. The State presented documentary evidence that Wu had four prior offenses within the past 10 years: one conviction for DUI, one conviction for first degree negligent driving, and two convictions for reckless driving. The reckless driving and first degree negligent driving convictions were each originally charged as DUI and subsequently amended.

Wu moved to dismiss the felony DUI after the State rested, arguing in part that the prosecution had failed to present sufficient evidence that his reckless driving convictions "involved alcohol." Verbatim Report of Proceeding (VRP) (June 1, 2017) at 672-76. The court noted that it had already admitted the prior offenses into evidence; the court assessed each of the prior convictions on the record, determined there was sufficient

evidence to proceed, and denied Wu's motion. The court refused to instruct the jury that it needed to find each prior offense involved alcohol.

The jury found by special verdict that Wu had four prior offenses and also convicted him of driving with a suspended license (the interlock violation was dismissed at trial). The court sentenced Wu within the standard range on the felony DUI and imposed 90 days' confinement on the suspended license conviction. Wu appealed, arguing that the State failed to present sufficient evidence that his two prior reckless driving convictions involved alcohol, that the determination of alcohol involvement for prior offenses was a jury question, and that the trial court erred by declining to instruct the jury to decide if each prior offense was alcohol related.

Division One of the Court of Appeals affirmed Wu's conviction in a split decision. *State v. Wu*, 6 Wn. App. 2d 679, 431 P.3d 1070 (2018). The majority opinion held that whether Wu's prior convictions qualified as predicate offenses for felony DUI was a question of law for the court,[1] leaving to the jury the issue of whether the prior convictions existed. *Id.* at 687-89. This court granted Wu's petition for review. 193 Wn.2d 1002.

---

[1]The majority's holding included the determination of whether Wu's prior reckless driving convictions involved alcohol. *Wu*, 6 Wn. App. 2d at 688.

ANALYSIS[2]

## DUI Felony Statutes and Their Requirements

Under former RCW 46.61.502(6)(a) (2016), driving under the influence is elevated from a gross misdemeanor to a felony if the defendant has "four or more prior offenses within ten years as defined in RCW 46.61.5055."[3] Former RCW 46.61.5055(14)(a)(xii) defines "prior offenses" for purposes of the felony DUI statute as including "[a] conviction for a violation of RCW 46.61.5249 [negligent driving], 46.61.500 [reckless driving], or 9A.36.050 [reckless endangerment] or an equivalent local ordinance, *if the conviction is the result of a charge that was originally filed as a violation of* RCW 46.61.502 [*DUI*] or 46.61.504 [physical control of vehicle under the influence], or an equivalent local ordinance, or of RCW 46.61.520 [vehicular homicide] or 46.61.522 [vehicular assault]." (Emphasis added.) Restated, for present purposes, under RCW 46.61.5055(14)(a)(xii),[4] a qualifying "prior offense" includes a conviction for reckless driving "if the conviction is the result of a charge that was originally filed as a [DUI]."[5]

## Conflicting Case Law

As an initial matter, this case came to the court on the basis of a conflict between Division One's decision below and its acknowledged disagreement with Division Two's

---

[2] The primary issue in this case is, what are the required elements for felony DUI? Determination of that issue disposes of all other contentions.

[3] RCW 46.61.502(6)(a) was amended in 2017 to require only three such prior offenses to elevate a DUI to a felony. *See* LAWS OF 2017, ch. 335, § 1.

[4] The 2016 version of RCW 46.61.5055(14)(a)(xii) and the current version of this definitional statute are identical.

[5] Wu challenges only the inclusion of his two prior convictions for reckless driving.

decision in *State v. Mullen*, 186 Wn. App. 321, 345 P.3d 26 (2015). Both are split decisions, and the courts take opposite views about who should decide prior conviction qualification issues and what elements are required in the felony DUI context.

*Mullen* extrapolated this court's decision in *City of Walla Walla v. Greene*, 154 Wn.2d 722, 116 P.3d 1008 (2005), and held that "after *Greene*, the *involvement of alcohol or drugs in the prior conviction* is an essential element of felony DUI that must be proved beyond a reasonable doubt and to a jury." *Mullen*, 186 Wn. App. at 328 (emphasis added). Accordingly, *Mullen* held that "the State must prove beyond a reasonable doubt that [defendant's] prior reckless driving conviction involved alcohol or drugs in order to elevate the misdemeanor DUI to a felony DUI." *Id.*

Division One below disagreed with the *Mullen* majority about *Greene*'s meaning and whether the felony DUI prior conviction matters should be decided as a question of fact or law. In *Wu*, Division One, citing with approval the *Mullen* dissent, states:

> [C]ontrary to the majority opinion in *Mullen*, nothing in *Greene* altered the legislature's definition of the essential elements of the crime of felony DUI. As the dissent in *Mullen* summarized:
>> While the fact that a person has four prior DUI offenses is an essential element of the crime of felony DUI under RCW 46.61.502(6) that must be proved to the jury beyond a reasonable doubt, whether a prior offense meets the statutory definition in RCW 46.61.5055[] . . . is not an essential element of the crime. Rather, the question of whether a prior offense meets the statutory definition is a threshold question of law to be decided by the trial court before admitting a prior offense into evidence at trial.

6 Wn. App. 2d at 687-88 (quoting *Mullen*, 186 Wn. App. at 339 (Melnick, J., dissenting)).

5

To understand *Mullen* and its conflict with the present case, we must consider *Greene*. There, this court considered a prior negligent driving conviction, explained how the felony DUI statute is to be applied, and upheld the constitutionality of the same definitional provision at issue here (overruling *State v. Shaffer*, 113 Wn. App. 812, 55 P.3d 668 (2002)).[6] In *Greene*, on direct review, this court reversed a district court's decision sentencing Greene as a first time DUI offender even though she had a qualifying prior offense under RCW 46.61.5055. The district court relied on *Shaffer*, in which Division One declared unconstitutional the same provision of RCW 46.61.5055 defining prior offenses at issue here and specifically addressed the "reckless driving" prior conviction also at issue in Wu's case. *See Shaffer*, 113 Wn. App. at 818 ("The predicate at issue here is a prior conviction for reckless driving, but only when such a conviction results from a charge originally filed as a DUI offense."). The *Shaffer* court held that the statute defining prior offenses did not pass "constitutional muster" for two reasons. First, "the effect of the statute is to elevate a prior reckless driving conviction to a DUI conviction without *any* proof. This is so because the mandatory enhancement applies only to those prior reckless driving convictions where the charge, but not the conviction, was DUI." *Id. Shaffer*'s second articulated reason was that "because the statute does not require *any* proof of the charge of DUI, it fails to set the minimum constitutional standard required for criminal conviction. That standard is for proof beyond a reasonable doubt." *Id.* at 819.

---

[6] At the time of the *Greene* decision, the statute defining "prior offenses" appeared in former RCW 46.61.5055(12)(a)(v) (2003).

As noted, the district court in *Greene* relied on *Shaffer*, so this court addressed

*Shaffer* at length. This court noted, "As in *Shaffer*, RCW 46.61.5055 is the statute at

issue here which incorporates particular driving-related convictions that were originally

charged as DUI." *Greene*, 154 Wn.2d at 726-27. This court stated, "The [*Shaffer*] court

reasoned that since the statute does not require any proof that an earlier DUI was

committed, it violates due process." *Id.* at 726 (citing *Shaffer*, 113 Wn. App. at 818-19).

This court reasoned that the *Shaffer* court had *assumed* "that the legislature only included

a prior offense 'where DUI was involved,'" *id.* at 727 (quoting *Shaffer*, 113 Wn. App. at

818), and that the problem with the *Shaffer* court's analysis was that "the definition of

prior offense does not contain [any such] language." *Id.* The *Greene* court then

explained at length as follows:

> The statutory list of prior offenses contains more than merely a DUI
> conviction. RCW 46.61.5055(12)(a)(v) [now RCW 46.61.5055(14)(a)(xii)]
> lists specific convictions that constitute a prior offense under the statutory
> definition. The statute then limits applicability to those convictions where
> DUI was the predicate charge, thus requiring alcohol or drugs to be
> involved with the convicted driving offense. No parties dispute the statute
> is constitutional without this limiting DUI element. It follows that with the
> limiting element, the legislature is simply clarifying those alcohol or drug-
> related prior offenses to be considered. While the *Shaffer* court might be
> correct if the statutory definition of prior offenses listed only unproven
> charges, here, the statute specifies the prior convictions being applied to
> impose an enhanced punishment for a later offense. Subject only to the
> constraints of the constitution, the legislature may define and punish
> criminal conduct. *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 172, 12
> P.3d 603 (2000).
>     The statutory definition requires a conviction for negligent driving,
> or other listed offense, originating from a DUI charge. RCW
> 46.61.5055(12)(a)(v). Accordingly, the statute requires the State to
> establish that a prior driving conviction involved use of intoxicating liquor
> or drugs. Thus, due process is satisfied for the purposes of this mandatory
> enhancement if the prior conviction exists *and the prosecution can*

*establish that intoxicating liquor or drugs were involved in that prior offense.*

154 Wn.2d at 727-28 (emphasis added) (footnote omitted). Holding that former RCW 46.61.5055(12)(a)(v) (now RCW 46.61.5055(14)(a)(xii)) survives constitutional challenge, this court concluded, "For Greene, the fact that she was convicted of first degree negligent driving is sufficient to satisfy her due process protections *because all elements of that offense are established by virtue of the conviction itself.*" *Id.* at 728 (emphasis added).

Turning back to *Mullen*, that case addressed a prior *reckless* driving conviction. As noted, *Greene* addressed a prior *negligent* driving conviction. Negligent driving includes as an express element that the person "exhibits the effects of having consumed liquor." RCW 46.61.5249. Reckless driving contains an alternative but not a similarly required alcohol effects element. *See* RCW 46.61.500. Based on this difference, *Mullen* construed the above emphasized language in *Greene* to impose a new "essential element of felony DUI" as "involvement of alcohol or drugs." 186 Wn. App. at 328. But that is the same "DUI involvement" that the *Shaffer* court assumed and required, and that this court expressly rejected in *Greene*. As *Greene* indicated in rejecting *Shaffer*, the absence of any such language in the statute defining prior offenses is dispositive. Further, none of the above language quoted from *Greene* can be reasonably construed to add a judicially imposed new element to the felony DUI statute. *Greene* did just the opposite by adhering to the plain language of RCW 46.61.5055's "prior offenses" definitional statute and determining that the constitution requires no additions to the plain language of that

statute. Accordingly, we reject *Mullen*'s addition of language to the felony DUI statute's requirements that are based on *Mullen*'s incorrect reading of *Greene*.

Division One, in the present case, rejected *Mullen*, stating, "While *Greene* recognized that due process is satisfied if 'the prosecution can establish that intoxicating liquor or drugs were involved in that prior offense,' the court did not elevate the involvement of liquor [or] drugs to an aggravating factor. Nor did the court conclude that the involvement of liquor or drugs was an essential element of the crime." *Wu*, 6 Wn. App. 2d at 688 n.4 (citation omitted) (quoting *Greene*, 154 Wn.2d at 727-28). Division One correctly concluded that *Greene* did not create an additional felony DUI element.

The *Wu* court went on to hold, "Whether a prior offense meets the statutory definition in RCW 46.61.5055(14)(a) is not an essential element of the crime. Instead, whether a prior offense meets the statutory definition is a threshold question of law to be decided by the trial court prior to admitting the evidence to the jury." *Id.* To the extent *Wu* can be read to mean that *admissibility* of the prior convictions is a legal question properly for the trial court, we approve such approach. "Whether a prior conviction qualifies as a predicate offense is a threshold question of law for the court, and not an essential element of the crime of felony DUI." *State v. Bird*, 187 Wn. App. 942, 945, 352 P.3d 215 (2015) (citing *State v. Chambers*, 157 Wn. App. 465, 479, 237 P.3d 352 (2010); *State v. Cochrane*, 160 Wn. App. 18, 20, 253 P.3d 95 (2011)). As always, the trial court decides admissibility of evidence, a legal determination; then the jury decides whether the essential elements of the crime have been proved beyond a reasonable doubt, a question of fact. As the *Bird* court explained, "Only prior offenses that meet the statutory

definition are admissible as predicate offenses elevating a DUI to a felony." *Id.* (citing *Chambers*, 157 Wn. App. at 479). "Once determined that a prior offense is admissible, the State can introduce the crime into evidence at the present trial." *Id.*; *see also State v. Roswell*, 165 Wn.2d 186, 189, 196 P.3d 705 (2008) ("Washington has enacted certain criminal statutes that raise the level of a crime from a misdemeanor to a felony based upon the defendant's prior criminal convictions. These prior convictions are elements of the charged crime that the State must prove beyond a reasonable doubt."). Here, the trial court admitted exhibit 9 containing the State's documentary evidence concerning Wu's prior convictions. The jury assessed those documents and found by special verdict that "defendant [has] four or more prior offenses within ten years of August 1, 2016." CP at 119. This was not error.

### Plain Language

The State effectively contends that both *Wu* and *Mullen* misconstrue RCW 46.61.5055(14)(a)(xii) by imposing an element not mentioned in the statute. Indeed, the plain language of the statute requires only that a reckless driving conviction be originally filed as a DUI within the preceding 10 years to qualify as a prior offense. The statutory language does not require any additional showing that the reckless driving conviction involved alcohol or drugs. *See State v. Miller*, 156 Wn.2d 23, 31, 123 P.3d 827 (2005) (where the term in question does not appear in the statute, "[it] is not a statutory element of the crime"); *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003) (courts cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language; instead the court assumes the legislature means exactly what it

says). Here, when the legislature enacted the felony DUI statute, it created a new crime with different elements. It may do so. "Subject only to the constraints of the constitution, the legislature may define and punish criminal conduct." *Greene*, 154 Wn.2d at 727 (citing *Davis*, 142 Wn.2d at 172); *see also Roswell*, 165 Wn.2d at 192 (legislature may define the elements of a crime when it enacts a criminal statute and each element must be proved beyond a reasonable doubt). Here, the statutory language suggests that the legislature intended to enhance penalties for conduct that is initially charged as a DUI, even if the charges are ultimately reduced or plea bargained to reckless or negligent driving. The legislature is free to focus on a subset of convictions most likely to enhance the relevant public safety goal. *See State v. Law*, 154 Wn.2d 85, 92, 110 P.3d 717 (2005) (power of the legislature to establish penalties for criminal offenses is plenary and subject only to constitutional provisions).

Thus, all the State needs to establish here for felony DUI purposes is what the statute expressly requires: that Wu has four "prior offenses" within the preceding 10 years (former RCW 46.61.502(6)(a)) defined to include "[a] conviction for a violation of . . . 46.61.500 [reckless driving], . . . or an equivalent local ordinance, *if the conviction is the result of a charge that was originally filed as a violation of* RCW 46.61.502 [*DUI*]." Former RCW 46.61.5055(14)(a)(xii) (emphasis added). In other words, the State must prove only that Wu has a prior reckless driving conviction that was originally charged as a DUI, which can be done with documentation as the State did here. This is what the plain language of the statute requires, nothing more.

11

In light of this determination, Wu's various arguments, which presume that "involvement of drugs or alcohol" is a required element, fail. Wu contends, "The State must prove *involvement of alcohol or drugs* as part of a 'prior offense' originally charged as a DUI but amended to another charge." Suppl. Br. of Pet'r at 3 (emphasis added). Wu cites *Mullen*, *Greene*, and *Shaffer* as support, but as discussed above, there is no such additional element.

Wu next contends that because *involvement of drugs or alcohol* in the prior offense of reckless driving is a factual finding that elevates the DUI to a felony, the right to a jury trial under the Sixth Amendment to the United States Constitution mandates that the jury, not the court, make that finding. *Id.* at 9. Wu cites, as support, *Blakely v. Washington*, 542 U.S. 296, 301-05, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). As discussed above, because no such element exists, Wu's contention fails.

Wu also argues there was insufficient evidence to support a finding that his prior reckless driving offenses "involved drugs or alcohol." Suppl. Br. of Pet'r at 18. Again, there is no such requirement. We note that when the State rested in the second part of the bifurcated trial, Wu moved for dismissal, arguing there was insufficient evidence to sustain a felony DUI conviction. The trial court went through the documentation submitted by the State in exhibit 9 concerning Wu's prior convictions, noting the dates when charging documents, citations, and judgment and sentence documents were filed

and noting details on the record concerning each of Wu's prior convictions.[7] VRP at 684-91. The record shows that both of Wu's prior reckless driving convictions and his negligent driving conviction were initially charged as DUIs and that his fourth prior conviction was a DUI. Ex. 9. That is all the felony DUI statute required. Wu's insufficient evidence argument fails.[8]

Finally, Wu's assertion that the trial court erred in declining to give his proposed instruction also fails. "Relying on *Mullen*," defense counsel proposed a jury instruction that modified 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 92.27 (4th ed. 2016) (WPIC), which tracks the language of former RCW 46.61.5055(14)(a), by adding the phrase "and the State has proven beyond a reasonable doubt that the prior incident *was alcohol or drug related*" to the definition of "prior offense." Suppl. Br. of Pet'r at 20; CP at 121 (emphasis added). As discussed above, there is no such element. The trial court did not err in declining Wu's proposed modified instruction and giving instead the State's proposed instruction, which tracked WPIC 92.27 and former RCW 46.61.5055(14)(a)(xii).

---

[7] The trial court's review on the record additionally noted information such as recorded BAC (blood alcohol concentration) numbers and other information concerning alcohol involvement. While this information was not required, the court seemingly included it in an abundance of caution, as Wu's dismissal motion was based in part on his assertion that the State's evidence did not show "involvement of drugs or alcohol." The trial court noted it found the dissent in *Mullen* persuasive, as well as Division One's decision in *Bird*, which rejected *Mullen*. VRP at 684, 690. The trial court nevertheless noted such information as an additional basis for denying Wu's midtrial dismissal motion. *Id.* at 690.

[8] Addressing Wu's sufficiency challenge, the majority below held that "[t]he trial court did not err in concluding that [each of Wu's two reckless driving convictions] was originally charged as a DUI *and involved alcohol*." *Wu*, 6 Wn. App. 2d at 689 (emphasis added). As discussed herein, any purported *involved alcohol* determination by the trial court concerning Wu's prior reckless driving convictions is not required.

For these reasons, we affirm Wu's conviction for felony DUI.

CONCLUSION

We reject *Mullen*'s addition of an "involvement of alcohol or drugs" essential element to felony DUI based on *Greene*. We clarify that *Greene* did not alter the essential elements of felony DUI as set forth in the relevant "prior offenses" definitional statute, currently RCW 46.61.5055(14)(a)(xii). We hold that following a trial court's determination of admissibility, the essential elements of felony DUI should be decided by a jury upon proof by the State beyond a reasonable doubt. We affirm Wu's felony DUI conviction for the reasons stated herein.

No. 96747-4

_Madsen, J._

WE CONCUR:

_Fairhurst, C.J._

_Owens, J._

_Stephens, J._

_González, J._

_Yu, J._

No. 96747-4

JOHNSON, J. (dissenting)—A criminal charge proves nothing of the underlying facts. A charge can be defeated in a number of ways: actual innocence, lack of proof, or a trial decision. In *City of Walla Walla v. Greene*, we analyzed former RCW 46.61.5055(12)(a)(v) (2005)[1] and held that

> the statute requires the State to establish that a prior driving
> conviction involved use of intoxicating liquor or drugs. Thus, due
> process is satisfied for the purposes of this mandatory enhancement if
> the prior conviction exists and the prosecution can establish that
> intoxicating liquor or drugs were involved in that prior offense.

154 Wn.2d 722, 727-28, 116 P.3d 1008 (2005) (footnote omitted). Without this proof, a prior charge fails to satisfy due process requirements. The majority here abandons that holding without explaining why and establishes a troubling, unprecedented rule validating enhanced sentences based on nothing more than an unproven allegation. The majority's decision further violates the United States

---

[1] The statute has since been recodified as RCW 46.61.5055(14)(a)(xii).

Supreme Court's holding in *In re Winship*.[2] The Court of Appeals should be reversed.

We should adhere to the analysis of RCW 46.61.5055(14)(a)(xii) laid out in *Greene*. *Greene* overruled Division One's holding in *State v. Shaffer*, 113 Wn. App. 812, 55 P.3d 668 (2002), that the enhancement statute was unconstitutional. 154 Wn.2d at 727-28. But *Greene* did not declare that *Shaffer*'s result was erroneous. The defendant in *Shaffer* faced enhanced sentencing for vehicular homicide because of a prior conviction for reckless driving initially charged as a DUI (driving under the influence). The *Shaffer* court reasoned that the statute violated due process because it essentially elevated a prior reckless driving conviction to a DUI conviction without any proof of the underlying facts or the DUI charge. 113 Wn. App. at 819. *Greene* clarified that *Shaffer* would be correct if the statute indeed was based only on unproven charges. 154 Wn.2d at 727. The majority now abandons this reasoning.

In *Greene*, we held that "due process is satisfied for the purposes of this mandatory enhancement if the prior conviction exists and the prosecution can establish that intoxicating liquor or drugs were involved in that prior offense." 154 Wn.2d at 728 (footnote omitted). The statute requires proof of two facts: (1) the

---

[2] *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime . . . .").

existence of the prior conviction and (2) the involvement of alcohol or drugs. The limiting element of the prior DUI charge in the statute evinces the legislature's intent that the enhancement applies to driving offenses involving alcohol or drugs. To accomplish this purpose, the State must prove that the prior conviction involved alcohol or drugs as a separate fact. *See State v. Mullen*, 186 Wn. App. 321, 335, 345 P.3d 26 (2015) (interpreting *Greene*).

The State can satisfy that burden by documentation as a matter of law only when the involvement of alcohol or drugs is an element of the prior crime, as it was for the defendant in *Greene*. In that case, the prior conviction was first degree negligent driving, which requires the State to prove (1) the defendant operated a motor vehicle (2) in a negligent manner (3) that endangered or was likely to endanger any person or property (4) *while exhibiting the effects of having consumed alcohol, drugs, or any intoxicating substance.* RCW 46.61.5249(1)(a) (emphasis added); 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 96.02, at 385 (4th ed. 2016). We recognized *Winship*'s mandate that due process requires proof beyond a reasonable doubt of "every fact necessary to constitute the crime." 397 U.S. at 364. Applying that rule, we held that "the fact that [the defendant] was convicted of first degree negligent driving [was] sufficient to satisfy [the defendant's] due process protections because all

elements [including use of alcohol or drugs] of that offense are established by virtue of the conviction itself." *Greene*, 154 Wn.2d at 728.

Here, unlike first degree negligent driving, reckless driving does not necessarily involve alcohol or drugs. The crime of reckless driving merely requires the State to prove that the defendant drove a vehicle with "willful or wanton disregard for the safety of persons or property." RCW 46.61.500(1). Only facts that are admitted, stipulated to, or proved beyond a reasonable doubt can be recognized through the conviction without additional proof. *Blakely v. Washington*, 542 U.S. 296, 303-04, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (defining the "statutory maximum" as the maximum sentence the "judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant . . . without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment'" (quoting 1 JOEL PRENTISS BISHOP, CRIMINAL PROCEDURE § 87, at 55 (2d ed. 1872))); *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Winship*, 397 U.S. at 364; *State v. Olsen*, 180 Wn.2d 468, 473-74, 325 P.3d 187 (2014). When

4

the prior conviction is reckless driving, the additional fact of the involvement of alcohol or drugs cannot be established by the conviction alone.

The Court of Appeals' dissent in this case applies the correct analysis of current case law. First, *Mullen* properly interpreted *Greene* as applied to a prior conviction for reckless driving. *Mullen* held that to satisfy due process, the State had to prove that the defendant's prior reckless driving conviction involved alcohol or drugs as an essential element. 186 Wn. App. at 329. The difference from *Greene* was that "in Mullen's case . . . the State cannot prove that alcohol or drugs were involved merely by virtue of his conviction for reckless driving." 186 Wn. App. at 334. Thus, where the prior conviction is reckless driving, additional proof is required to confirm the involvement of alcohol or drugs.

Second, the determination is a matter of law only where the record of the prior conviction leaves nothing left to prove, as in *State v. Allen*, 5 Wn. App. 2d 32, 425 P.3d 529 (2018), and *State v. Bird*, 187 Wn. App. 942, 352 P.3d 215 (2015). Both cases assessed RCW 46.61.502(6)(b)(ii), which elevates a misdemeanor to a felony DUI based on a prior conviction of "[v]ehicular assault while under the influence." Vehicular assault includes three alternative means, including operating a vehicle "[w]hile under the influence of intoxicating liquor or any drug." RCW 46.61.522(1)(b). The defendants in *Bird* and *Allen* faced an enhanced conviction because their prior guilty pleas to vehicular assault included

an admission of all three alternative means, including under the influence of alcohol or drugs. *Allen*, 5 Wn. App. 2d at 38; *Bird*, 187 Wn. App. at 946. Similar to the first degree negligent driving conviction in *Greene*, the prior conviction inherently involved alcohol or drugs. A prior DUI conviction would also necessarily include use of alcohol or drugs. RCW 46.61.502(1); *see State v. Cochrane*, 160 Wn. App. 18, 27, 235 P.3d 95 (2011). In those circumstances, the court's determination as a matter of law satisfies due process because the record of the prior conviction contains the aggravating element. *See Allen*, 5 Wn. App. 2d at 37-38; *Bird*, 187 Wn. App. at 945-46.

The majority ignores this critical distinction. Only where the record of the prior conviction contains a stipulation, admission, or finding that alcohol or drugs were involved can the fact be determined as a matter of law. Otherwise, it must be established to the fact finder beyond a reasonable doubt. Here, where the prior conviction is reckless driving, even if initially charged as a DUI, the conviction does not inherently involve alcohol or drugs. The initial DUI charge cannot prove that fact. Yet, the majority creates fact out of allegation and undermines the due process mandate that every element be proved beyond a reasonable doubt. *Winship*, 397 U.S. at 364.

In this case, there is no stipulation, admission, or proven fact that Wu's prior reckless driving convictions involved alcohol or drugs. Evidence that the

6

convictions were originally cited as DUIs is insufficient. An initial charge is a mere accusation, not proof of any facts. As we established in *Greene*, due process requires the State to prove as an essential element that alcohol or drugs were involved in a prior conviction. The Court of Appeals should be reversed and Wu's felony DUI conviction vacated. The case should be remanded for entry of a misdemeanor DUI conviction and resentencing.

McCuel, J.

Wiggins, J.