# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53068-6-II |
| Respondent, | |
| v. | |
| RUSSELL TIMOTHY GOUVEIA, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Russel Gouveia appeals his conviction for violation of a no contact order (NCO), a felony. Gouveia argues that the court erred in admitting two exhibits offered by the State because they failed to show a predicate prior conviction. We disagree and affirm.

## FACTS

A protection order issued on April 20, 2018 forbade Gouveia from contacting or being within 500 feet of Candi Martel-Gomez. In June 2018, a police officer observed Gouveia in close proximity to Martel-Gomez, the protected party in the order. The State charged Gouveia with felony violation of a no contact order. The State alleged Gouveia had two prior convictions for violating a no contact order.

One of the prior convictions is not at issue. As to the other one, the State offered exhibit 4, a certified printout of a district court docket corresponding to the conviction. The State informed the court that the district court docket was the only record the district court had of the prior conviction.

The exhibit is a printout of a "Case Docket Inquiry" for case number "C6781TC." Clerk's Papers (CP) at 128. The document lists dates relevant to the case and corresponding notes for those dates. The top of the docket lists "Name/Title" as "GOUVEIA, RUSSEL TIMOTHY[,] NO CONTACT ORDER VIOLATION." CP at 128. The notes for March 18, 1998 read "Finding/Judgment of Guilty for Charge 1" and "Court impose[d] jail time of 365 D on Charge 1." CP at 130.

During motions in limine, Gouveia objected to admitting exhibit 4 under ER 401 and 403, arguing that the "exhibit as it stands is not competent evidence of conviction for violation of a protection order, and, therefore, it is not relevant for admission." 1 Report of Proceedings (RP) 35-36. The court overruled the objections, stating, "The jury will be able to make a determination as to whether this evidence is sufficient to satisfy the element of the crime charged concerning prior convictions for no-contact order violations." 1 RP at 50.

During trial, Gouveia renewed his relevancy objection for exhibit 4. He argued that the statute governing felony violation of a no contact order requires the two prior convictions be for violations of orders issued under specific chapters of Washington's code. Because exhibit 4 failed to indicate under which statute the court issued the NCO violated by Gouveia in 1998, he argued it should be excluded as irrelevant.

The court informed the parties that whether a prior conviction qualifies as a predicate offense under the statute is a question of law for the court, and whether the prior convictions have been proven is a question for the jury to determine. It then asked the State whether it had any information about the 1998 NCO violation to show the court that the NCO fell under one of the enumerated statutes. The State did not have the necessary information, but the court allowed the State time to find it during recess.

After the recess, the State produced a document it obtained from the district court and sought its admission. The document was a certified district court printout of a "Case Filing Update." Ex. 8. The case number was "C6781TC." Ex. 8. Under "Violation" it listed "10.99.040," under "Description" it says "NO CONTACT ORDER V" and under "Finding/Jdgmnt" it said "G" and "03 18 1998." Ex. 8.

Gouveia objected, arguing that the document did not fall under the court or business records exceptions to hearsay because there is "no indication that any of [the information] is contemporaneous with [what occurred] in 1998." 2 RP at 237.

The court noted that it was clear from the document "that the information contained therein was contemporaneous to when the information occurred. The date at the top simply reflects when it would have been printed, which is right now." 2 RP at 238-39. It admitted the document as exhibit 8. It also admitted exhibit 4.

Gouveia moved to dismiss the case based on the objection to the admissibility of exhibits 4 and 8. The court denied the motion. Gouveia requested, and the court allowed, an instruction on misdemeanor violation of an NCO, which did not require proof of two priors. The jury found Gouveia guilty of a felony violation of an NCO. Gouveia appeals.

3

ANALYSIS

Gouveia argues that the court erred in admitting exhibits 4 and 8 as evidence of a prior conviction for violation of a contact order. He argues that the evidence failed to establish the existence of a prior conviction for violation of a no contact order and failed to establish it was issued pursuant to the statutes listed in RCW 26.50.110(5). We disagree.[1]

> RCW 26.50.110(5) provides that violation of a protection order issued under chapter 26.50, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or violation of a valid foreign protection order as defined by RCW 26.50.020, which otherwise would be a gross misdemeanor, is a Class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under one of those listed chapters, or of a valid foreign protection order as so defined.

*State v. Carmen*, 118 Wn. App. 655, 656, 77 P.3d 368 (2003).

"'Whether a prior conviction qualifies as a predicate offense is a threshold question of law for the court.'" *State v. Wu*, 194 Wn.2d 880, 889, 453 P.3d 975 (2019) (quoting *State v. Bird*, 187 Wn. App. 942, 945, 352 P.3d 215 (2015)). The trial court decides the admissibility of the prior conviction, a legal determination; then the jury decides whether the State has proven essential elements of the crime beyond a reasonable doubt, a factual determination. *Wu*, 194 Wn.2d at 889. The existence of two previous convictions for violation of a no contact order is a question of fact for the jury. *Carmen*, 118 Wn. App. at 663.

The relevance, and, thus, the admissibility of evidence of prior convictions "turn[s] on whether the convictions so established qualified as predicate convictions for purposes of RCW 26.50.110(5)." *Carmen*, 118 Wn. App. at 663. "[P]rior convictions for violating NCOs are only relevant to prove felony violation of an NCO under RCW 26.50.110(5) if the previously-violated

---

[1] Gouveia also argues that without the exhibits, insufficient evidence exists to supports his conviction. Because we determine the trial court properly admitted the exhibits, we do not address this argument.

NCOs were issued under the listed statutes." *State v. Gray*, 134 Wn. App. 547, 556, 138 P.3d 1123 (2006).

We review questions of law de novo. *State v. Schultz*, 146 Wn.2d 540, 544, 48 P.3d 301 (2002).

Our inquiry is whether the court erred in determining, based on the exhibits presented by the State, that the conviction related to exhibits 4 and 8 qualified under the statute. If the court did not err in its determination, it also did not err in admitting the evidence for the jury to decide whether Gouveia had two prior convictions for violation of a no contact order.

Exhibit 4 listed the title of the docket as "No Contact Order Violation." CP at 128. There is nothing to indicate that the title of the docket does not correspond with the notes stating that the court found Gouveia "Guilty for Charge 1" which is the only charge on the docket. CP at 130.

In addition, exhibit 8 showed a "description" of the case that said "NO CONTACT ORDER V." Ex. 8. The "Finding/Jdgmnt" field says "G" and "03 18 1998." Ex. 8. This information clearly corresponds to the exhibit 4 court docket, which showed a "Finding/Judgement of Guilty for Charge 1" on March 18, 1998. CP at 130. The case number "C6781TC" appears on both documents, illustrating that "Charge 1" in exhibit 4 corresponds to the conviction listed in exhibit 8. Ex. 8; CP at 128. Lastly, exhibit 8 lists "10.99.040" under "violation." Chapter 10.99 RCW is one of the qualifying statutes enumerated in under RCW 26.50.110(5).

Together the exhibits clearly establish that the 1998 conviction qualified as a predicate offense under RCW 26.50.110(5). The court properly admitted them. Because it is a qualifying offense, the court also properly admitted the exhibits so the jury could decide whether Gouveia had two prior convictions for violation of a no contact order.

The trial court did not err in admitting the exhibits. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Cruser, J.