IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86391-6-I |
| Respondent, | |
| v. | DIVISION ONE |
| THEOPHILUS D. WILLIAMSON, | UNPUBLISHED OPINION |
| Appellant. | |

CHUNG, J. — On February 7, 2024, Theophilus Williamson pleaded guilty to misdemeanor violation of a court order. He later moved to withdraw his guilty plea on the basis of voluntariness, then withdrew that motion. On appeal, Williamson asks this court to remand to the trial court to "allow him to decide whether to withdraw his plea deal." Williamson contends that his plea was involuntary because there was an insufficient factual basis on the record for his plea and it was involuntary under the circumstances. We disagree and affirm.

FACTS

On May 8, 2023, the King County Superior Court issued a no-contact order prohibiting Williamson from "knowingly coming within, or knowingly remaining within, a specified distance" of a protected party. Williamson was charged with violating that order on May 11, 2023 and was subsequently arrested.

While Williamson was in custody and through the beginning of his trial, his case was repeatedly continued, often with his objection and assertion of his speedy trial

rights. Additionally, he was reassigned counsel multiple times, further delaying his trial. Because Williamson had two ongoing cases and the same lawyer represented him on both matters, each time an attorney was reassigned, they were reassigned on both of Williamson's cases, including the instant case.

In the middle of jury selection, Williamson moved to represent himself. At the recommendation of the court, Williamson allowed his counsel to finish jury selection. He then requested to be absent from jury selection so he could prepare for trial. The next day, Williamson's counsel informed the court that the parties had reached a plea agreement. The parties jointly moved to amend the information from a felony violation of a court order to a misdemeanor violation of a court order. The amended information stated the issuance date of the violated court order as "May 11, 2023," rather than "May 8, 2023," as the initial information stated. The court subsequently engaged in a plea colloquy with Williamson virtually. On February 7, 2024, Williamson pleaded guilty and was sentenced to a misdemeanor violation of a court order.[1] Thirteen days later, on February 20, 2024, Williamson filed a motion to withdraw his guilty plea. Over a month later, on March 27, 2024, he withdrew that motion, and the trial court did not rule on it. Williamson now appeals the voluntariness of his plea.

## DISCUSSION

On appeal, Williamson argues that his plea was involuntary because there was no factual basis for "the crime as charged." He further contends that he made his plea

---

[1] The colloquy occurred virtually because of a disagreement between jail staff and Williamson regarding transportation to court.

involuntarily because of frequent reassignment of counsel and because his plea colloquy occurred virtually.[2] We disagree.

First, Williamson conflates two separate rules concerning pleas, one procedural and one constitutional. CrR 4.2(d) governs guilty pleas and states as follows:

> The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

Thus, CrR 4.2(d) requires both voluntariness and a factual basis for a plea on the record. However, the requirement that "a trial court must be satisfied that there is a factual basis for a defendant's guilty plea . . . is a procedural requirement that is not constitutionally mandated." State v. Bird, 187 Wn. App. 942, 945, 352 P.3d 215 (2015). Failure to adhere to a technical requirement under CrR 4.2 "does not in itself result in a constitutional violation or amount to a manifest injustice." State v. Branch, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996).[3] See also In re Pers. Restraint of Hilyard, 39 Wn. App. 723, 727, 695 P.2d 596 (1985) ("The duty imposed by court rule that the judge must be satisfied of the plea's factual basis should not be confused with the constitutional requirement that the accused have an understanding of the nature of the charge.").

---

[2] The State argues that this court "should reject . . . outright" Williamson's claim that his plea was involuntary under the circumstances because that aspect of involuntariness was not raised in the assignment of error. Our Supreme Court has previously stated,

> In a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the Court is not greatly inconvenienced and the respondent is not prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue.

State v. Olson, 126 Wn.2d 315, 323, 893 P.2d 629 (1995); see also Hadley v. Maxwell, 144 Wn.2d 306, 311 n.1, 27 P.3d 600 (2001) (citing Olson, 126 Wn.2d at 318-19). We exercise our discretion here to consider the merits of Williamson's claim that his plea was involuntary.

[3] Appellant argues that the analysis from Branch is inapposite here because Branch concerned a purported violation of CrR 4.2(g). But we have also applied the Branch ruling to alleged CrR 4.2(d) violations. See Bird, 187 Wn. App. at 945.

Williamson contends that his plea was involuntary because there is no factual basis for the amended charge, as the amended information charges Williamson with violation of a non-existent no-contact order dated May 11, 2023. Accordingly, Williamson's contention concerns only procedural error, not constitutional error.

Here, there was no procedural error. CrR 4.2(d) does not require the factual basis for the plea to arise solely from the amended charge as written. Rather, the factual basis for the plea can arise from any reliable source on the record. State v. Osborne, 102 Wn.2d 87, 95, 684 P.2d 683 (1984); State v. Newton, 87 Wn.2d 363, 370-71, 552 P.2d 682 (1976). In this case, the record demonstrates a clear factual basis for the plea. The prosecutor's summary correctly cites to the May 8, 2023, protection order as the one that Williamson violated. The record contains the original information with the correct date for the protection order that was alleged to have been violated, May 8. Further, in his written plea agreement, Williamson wrote that "On May 11, 2023, in King County, Washington, I knew of and willfully violated the terms of a Court Order *issued on May 8, 2023*, under RCW chapter 7.105." (Emphasis added). And during the plea colloquy, the trial court read this statement from the written plea agreement back to Williamson and asked if it was true, to which Williamson responded, "It sounds right, Your Honor." Despite the incorrect date of the no-contact order on the amended information, Williamson was not "misinformed about the nature of the charge," as he argues. To the contrary, at the time of the plea colloquy, the record provided ample support for a factual basis for Williamson's plea.

Moreover, Williamson does not demonstrate constitutional error. The voluntariness of a plea is determined by the totality of the circumstances. Branch, 129

4

Wn.2d at 642; see also State v. Williams, 117 Wn. App. 390, 398, 71 P.3d 686 (2003) (court determines voluntariness of plea "considering the relevant circumstances surrounding it"). The totality of the circumstances here demonstrates that Williamson's plea was voluntary. At the colloquy, Williamson confirmed that he was satisfied with retaining his attorneys for the colloquy and withdrew his request to represent himself. The record does not indicate he had any difficulty understanding the English language. Williamson stated that his attorney reviewed the "Statement of Defendant on Plea of Guilty" with him and "explained everything very well." In response to the trial court's question as to whether he understood everything the State would have to prove for a jury to find him guilty "of either the more serious or the less serious charge," Williamson stated that he felt that "the deal that the Prosecutor gave [him] now was what [he] was asking for initially." The trial court asked Williamson to go off the record to review with his attorney what the State would have had to prove. Once back on the record, Williamson confirmed that he understood the State's burden and "definitely" understood his rights. Williamson's written plea and verbal confirmation of the facts further demonstrate the voluntary nature of his plea.

Finally, Williamson posits that his plea was involuntary because "[t]hroughout the life of his case, he was assigned multiple attorneys who requested continuances against [his] will;" he was concurrently represented by the same attorney on separate matters, and "[e]very time he was reassigned counsel in one matter, he was reassigned counsel on both;" and the jail refused to transport him to court. But Williamson cites no legal authority for the propositions that these conditions render a plea involuntary, particularly in the face of his clear affirmative statements of voluntariness on the record.

Williamson's claims that his plea was not voluntary are unavailing. We affirm.

_Cheung, J._

WE CONCUR:

_Díaz, J._               _Smith, J._